**STATE of Missouri, Respondent,**

v.

**Wilburn L. BELLEW, Appellant.**

**No. 44615.**

Supreme Court of Missouri.

Division No. 1.

Oct. 10, 1955.

Robert A. McIlrath, Flat River, for appellant.

John M. Dalton, Atty. Gen., J. Richard Roberts, Sp. Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

Defendant Wilburn L. Bellew was convicted in the Circuit Court of Madison County, Missouri, on a charge of grand larceny and was sentenced to serve two years' imprisonment in the State Penitentiary. An appeal was taken to this court.

The defendant has briefed a number of points. They are: the sufficiency of the evidence to sustain the charge; the admission of evidence as to the confession of the defendant; the admission of evidence pertaining to the value of the property stolen; the refusal of the trial court to discharge the jury for alleged improper remarks made by a witness, an officer of the State Highway Patrol, while he was being cross-examined; and error in giving instruction No. 1.

Defendant was charged with having taken a tire, tube, and wheel of the value of $45 from a Dodge truck owned by P. L.

Counts. At the time the property was taken, that is, on the night of January 2, 1954, the truck was parked on a parking lot in Fredericktown, Missouri. P. L. Counts testified that the tire, tube, and wheel were on a rack underneath the body of his truck; that on the morning of January 3, 1954, he noticed the equipment was missing; that on the evening before, when he parked the truck, the "spare tire" was in its place beneath the body of the bed of the truck. Counts further testified that the tire, tube, and wheel had never been used; that he purchased them in December, 1951.

Monroe Bellew, a cousin of the defendant, testified that on the evening of January 2, 1954, the defendant asked him to help him get a tire; that he went with the defendant in defendant's car to the lot where Counts' truck was parked; that he, Monroe Bellew, remained in the car to keep watch and the defendant took the equipment from the truck and placed it in defendant's car.

An officer of the State Highway Patrol, the Sheriff, the Deputy Sheriff, and the County Clerk of Madison County, and other witnesses testified that the defendant in their presence admitted he had taken the property from Counts' truck. Roy Alcorn, a car dealer, stated that he had sold the truck equipped with such a tire, tube, and wheel, as is in question, to Counts; that the property stolen was reasonably worth about $50. John Joe Smith, an employee of a car dealer, testified the tire, tube, and wheel were worth about $47. Tom Barton, a car dealer, stated the tire, tube, and wheel were worth around $48. It is apparent that the evidence was sufficient to support the verdict of the jury.

■ The defendant objected to the admission of evidence regarding admissions made by the defendant, claiming that such statements were involuntarily made. The trial court excused the jury and held a hearing on that question. Defendant testified that an officer had struck him a number of times and threatened to beat him if he did not admit stealing the property; that because of such treatment, he told the officer to take his cousin's (Monroe Bellew's) word for it. All the officers who had had custody of the defendant and who had been accused of mistreating the defendant denied the charge and testified the statements were voluntarily made by defendant. The trial court then recalled the jury and substantially the same evidence was presented to the jury. The trial court followed the proper procedure. The evidence presented a jury question of whether the admissions were made voluntarily. State v. Pierce, Mo., 236 S.W.2d 314(3); State v. Bradford, Mo., 262 S.W.2d 584, loc. cit. 586 (1–5).

■ Defendant in points 3 and 5 contends that the trial court erred in permitting witnesses to testify as to the value of a new tire when all of the evidence was that the tire was over two years old. We cannot agree with that contention. The witnesses were cross-examined on that question and the witnesses considered the fact that the equipment, tire, tube, and wheel, had been carried as a "spare tire" for two years. One witness stated that if the equipment had not been used a discount of not more than 20% should be made. That witness valued the property at about $50. A discount of 20% would still leave a value of about $40, sufficient to constitute the subject of grand larceny. Defendant offered but one witness as to the value of the tire. It is interesting to note that the evidence of this witness when considered in its entirety aided the State. He testified that if the tire had never been used, it would be considered a new tire; that if the tube and wheel had not been used, though two years old, and were in good condition, the total value would be $48. Counts testified the tire had never been on the ground. Under all the evidence, the jury had a proper basis to find that the property was worth in excess of $30.

The case of State v. Krieger, 68 Mo. 98, cited by the defendant, does not help him.

Note what the court said: " * * * there was no evidence as to value at all, hence a conviction would have been improper for any grade of larceny." The point must be ruled against the defendant.

■ Defendant says the trial court erred in not discharging the jury when the State Highway Patrolman made certain statements while on the witness stand. The patrolman had testified on direct examination that the defendant had on a number of occasions admitted his guilt. On cross-examination, he was asked why the defendant was asked more than once about the theft. Note what occurred:

"By Mr. McIlrath: Q. You were not satisfied, were you Trooper, with him telling once? A. You want me tell you why? I was down there with him—

"Q. You were not satisfied with him telling you that once, were you? I want you to answer if you were satisfied or not. Answer that yes or no. A. I was satisfied as far as him stealing the Counts' tire.

"Q. Why did you ask him if he stole it, and had him to repeat that on three different occasions? A. Because I knew this very thing would come up, just what you are trying to accuse me of, of beating him to get a statement out of him and I didn't do it. That is the reason I did it, and I can bring other witnesses in here to prove that he wasn't beaten.

"Q. When they were not present? A. Anytime we have a case we know what is coming up.

"By Mr. McIlrath: At this time I want to ask that this Jury be discharged, this is highly prejudicial.

"By the Court: Overruled.

"By Mr. Schnapp: You can take that statement by the witness and disregard it.

"By the Court: The Jury will disregard that statement made by the witness. The witness will just answer the question that is asked, and we will get along.

"By Mr. McIlrath: I want again at this time to ask that the jury be discharged.

"By the Court: The Court will deny the request of discharging the Jury, and the Jury will disregard the statement that was made by the witness."

It is apparent that the defendant does not have ground for complaint. The patrolman was pressed for a reason for having the defendant admit the theft on three different occasions and the officer gave the reason. The answer was responsive to the question asked by defendant's counsel. Certainly, the trial court ruled properly in refusing to declare a mistrial. State v. Cohen, Mo., 100 S.W.2d 544, loc. cit. 550 (15–17); State v. Duncan, Mo., 254 S.W. 2d 628. Defendant cited the cases of State v. Baublits, 324 Mo. 1199, 27 S.W.2d 16, and State v. Johnson, 349 Mo. 910, 163 S. W.2d 780. We have read these cases and have failed to discover anything pertaining to the point made by the defendant.

■ The last point briefed concerns instruction No. 1 given by the trial court. No mention was made of any instruction in defendant's motion for new trial. The question was not preserved for review. We have examined the information, verdict, and other matters required to be reviewed and do not find any reversible error therein.

The judgment is affirmed.

All concur.