STATE of Missouri, Respondent,

v.

Eugene Thomas ECKENFELS, Appellant.

No. 46525.

Supreme Court of Missouri,

Division No. 2.

Oct. 13, 1958.

Donald C. Littleton, St. Louis, for appellant.

John M. Dalton, Donal D. Guffey, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

A jury found Eugene Thomas Eckenfels guilty of robbery by means of a dangerous and deadly weapon; the jury also found two prior felony convictions and accordingly he was sentenced to life imprisonment. Robbery by means of a dangerous and deadly weapon is punishable by death or life imprisonment (V.A.M.S. § 560.135), and the jury having found Eckenfels guilty of the principal offense and having found the two prior felony convictions, the infliction of the maximum penitentiary sentence was mandatory (V.A. M.S. § 556.280), and as of course does not constitute cruel and unusual punishment within the meaning of the constitution. State v. Gaines, Mo., 261 S.W.2d 119, 124; State v. Dickhout, 324 Mo. 1194, 1198, 26 S.W.2d 937, 939. The appellant had an accomplice, Weinreich, but the fact that Weinreich had a record of three prior convictions and was sentenced to only five years' imprisonment for his participation in the robbery does not establish that the punishment here is cruel or unusual; even if they had been jointly tried and convicted they could have received different sentences. State v. Kaiser, 124 Mo. 651, 665, 28 S.W. 182; V.A.M.S. § 546.420. Nor does the fact that the jury deliberated but twenty minutes militate against the verdict or demonstrate that individual jurors did not have sufficient opportunity to weigh the evidence and express their separate opinions; "When the argument is concluded, the jury may either decide in court or retire for deliberation," V.A.M.S. § 546.240. State v. Richmond, 321 Mo. 662, 669, 12 S.W.2d 34, 36.

The proof adduced by the state was that on May 4, 1957, at 10:20 p. m. two men entered the Sidney Pharmacy, one of the men stood at a magazine rack near the door while the other man purchased a package of cigarettes. As the clerk turned and placed the cigarettes on the counter the purchaser pointed a .38-caliber revolver at the clerk and said, "Keep quiet and step back, leave the drawer open." The man with the gun then marched the clerk into a back room where he confronted the owner of the store and took the clerk's and the owner's wallets, at the same time telling his companion to clean out the cash drawer. The two men departed in an automobile, taking with them $85 from the cash register and $100 from the two wallets. About 7:45 the next morning police officers stopped an automobile as it came through an alley; the defendant Eckenfels was driving the automobile and Weinreich was riding with him. The defendant was wearing a tan sports jacket, dark shirt and dungarees. On the floor of the car was a .38-caliber revolver and in the defendant's pocket was the drugstore clerk's social security card, his driver's license, his draft card and a card from a medical association. When the defendant was arrested at the alley one of the police officers asked if he was the one who "has been holding up that drugstore" and he replied, "Yes, I am." The store clerk and the owner of the store identified the defendant as the man who had held them up. They recognized and remembered his clothes and particularly his hair (perhaps dyed red). The defendant admitted having confessed to the police and having said in the presence of the store owner and the clerk that he had robbed them but he claimed that he did so because he had been beaten by the police and was afraid. The police denied using any force or coercion. In testifying in his own behalf he denied that he had participated in the holdup and robbery of the store owner and clerk and said that he had spent the night at an all-night party at 2104 Broadway and had just left the party when arrested at the alley near Broadway and Fourth Streets.

This evidence and these facts and circumstances, as the jury could and did reasonably find them, support and warrant the finding of guilt of robbery by means of a dangerous and deadly weapon. State v. Sanders, Mo., 313 S.W.2d 658;

State v. Scott, Mo., 299 S.W.2d 526. There was a conflict in the evidence as to whether the police had physically mistreated the appellant (it is doubtful that his evidence was of sufficient probative force, however, to support an inference of involuntary confession or admission), nevertheless, the court submitted the voluntariness of any statement or confession to the jury and that issue is also supported by the evidence and the instruction submitting it was not an improper comment on the evidence. State v. Bellew, Mo., 282 S.W.2d 536.

▪ After the appellant had testified and said that he had been mistreated by the police the state called as a rebuttal witness one of the officers who had not previously testified and who had participated in the arrest of the appellant and the investigation of the robbery. It is now objected that the court erred in permitting the endorsement of this witness in the midst of the trial. There was, however, no claim of surprise or request for a continuance; the officer's testimony was in rebuttal and it was cumulative upon the single issue of mistreatment and in these circumstances there was no impropriety in permitting the endorsement of his name as a witness or in permitting him to testify. State v. Lindsey, Mo., 80 S.W.2d 123; State v. Churchill, Mo., 299 S.W.2d 475.

▪ Even a casual reference to the facts, as the jury could find them, is sufficient to demonstrate the propriety of instruction three which in part hypothesized a finding that the defendant "either acting alone or jointly with another" committed the robbery. Instruction three was in fact the principal instruction and following this introductory statement hypothesized the evidence upon which the principal offense was to be found and the quoted clause was not improper or erroneous for lack of factual basis or because "there was no evidence to prove that defendant acted alone and under the evidence he could only be guilty if he acted in concert with another"—in either event, as hypothesized,

he could be found guilty. State v. Williams, 309 Mo. 155, 274 S.W. 427; V.A.M.S. §§ 546.420, 545.880.

▪ The prosecuting attorney in arguing what punishment should be inflicted and whether there should be any leniency (which could have been shown by the jury's ignoring the two prior convictions) made this argument: "Here is a defendant out of the penitentiary for his first offense seven weeks with this pistol in the drugstore—seven weeks after he is out of the penitentiary, so we can deduce from that just how much good and what kind of a lesson he had learned as far as his first offense was concerned. Is there anybody, in view of that fact in this case, in view of the situation, the time sequence here, who can say to himself that the legislature was not right in passing that law the way they did? Is there anybody here who feels sorry for him, who wants to give him a break, who wants to say to him, 'We will treat you leniently this time, the second time,' *who can say seven weeks after this next light sentence, if anybody feels that way, who will be the victim? * * * Who would be the victim of the same kind of offense?* Seven weeks after he is out of the penitentiary, there he is with a loaded revolver, in this city, taking money that did not belong to him, * * *."

Objection is to the italicized language, in the motion for a new trial it is urged that it was unfair and inflammatory and deprived the plaintiff of that fair trial guaranteed by the constitution to permit the state's attorney to say to the jury and argue that if the defendant were acquitted or turned loose on society he would commit further acts of armed robbery. The state says that there is not enough of the entire closing argument in the record to enable this court to accurately "judge" of its meaning and prejudicial effect, and, in any event that the propriety of the prosecutor's remarks was largely in the discretion of the trial court. It is true that the entire closing argument is not set forth in the record,

it consists of about five pages in the record, but it does appear to be the substance of his argument as to punishment, life imprisonment for which he was arguing. And, as to the court's discretion, in all the cases cited by the state the trial courts sustained objections to the arguments. State v. Sanchez, Mo., 269 S.W.2d 46; State v. Lynn, Mo., 23 S.W.2d 139. Here, instead of sustaining or otherwise ruling upon the objection, the court said, "I think it is within the realm of proper argument, it is for the jury to determine * * *." The objection and the court's statement came at the asterisks in the quotation.

The background of the argument is this: On November 3, 1955, the appellant, then aged seventeen years, received concurrent sentences for larceny. On March 15, 1957, his sentences were commuted and in less than three months and before he was twenty, May 5, 1957, he committed this offense. It is proper for the prosecuting attorney to comment on the prevalence of crime and to urge upon the jury law enforcement and the assessment of maximum punishment. State v. Greer, 321 Mo. 589, 12 S.W.2d 87; State v. Fletcher, Mo., 244 S.W.2d 98. It is another matter, however, to argue in the event of an acquittal or a second light sentence that the defendant would commit another robbery. State v. Groves, Mo., 295 S.W.2d 169, 174; State v. Johnson, Mo., 267 S.W.2d 642. Nevertheless, in this case the objection to the argument was general (State v. McKeever, 339 Mo. 1066, 101 S.W.2d 22), there was no request for a mistrial or other affirmative action by the trial court (State v. Mitchell, 339 Mo. 228, 96 S.W.2d 341), the language is possibly subject to other interpretations and it is not manifest, in the circumstances of this case, that the argument so infringed the appellant's right to a fair trial that the trial court can be said to have abused its discretion when it overruled the motion for a new trial. State v. Dalton, Mo., 23 S.W.2d 1.

The assignments that the court erred in admitting incompetent evidence and in excluding relevant, material, competent evidence is so lacking in definiteness and particularity as to present nothing for review. State v. Montgomery, Mo., 223 S.W.2d 463. In the motion for a new trial there is also this assignment: "Counsel for defendant was appointed by the Court. Counsel for defendant is an intern in the practice of law. This was his first trial in either a civil or criminal matter, and he had had no prior experience of any kind in the practice of criminal law." The substantial sufficiency of this assignment is also doubtful. Annotations 24 A.L.R. 1025; 64 A.L.R. 436. "He did not, in his motion for a new trial, properly raise the points on the giving and refusing of instructions. But the cases cited show that other lawyers of good standing in the state have made the same mistake, and this court has not deemed it proper to save their clients from the consequences of such error." State v. Lewis, 273 Mo. 518, 534, 201 S.W. 80, 85. The record, nevertheless, has been carefully considered, as it was in all the cited cases, and it does not appear, especially in view of "the awful facts" (State v. Lewis, supra), what even more experienced counsel could have done; it certainly does not appear that the appellant was deprived of any of his substantial rights by reason of any incompetency on the part of his counsel. State v. Selvaggi, 319 Mo. 40, 2 S.W.2d 765; State v. Dreher, 137 Mo. 11, 38 S.W. 567. Compare: State v. Jones, 12 Mo.App. 93.

The information appropriately and properly charged the principal offense of robbery by means of a dangerous and deadly weapon (State v. Maddox, Mo., 250 S.W.2d 971), and, as indicated, the verdict was responsive to the charge and the proof. V.A.M.S. §§ 560.120, 560.135. There was allocution (42 V.A.M.S. Supreme Court Rules 27.08, 27.09) and "upon the record before it" (Supreme Court Rule 28.02; V.A.M.S. § 547.270), the court is unable to

discover any matter which would entitle the appellant to a new trial. Accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.