**STATE of Missouri, Respondent,**

**v.**

**Robert MARTIN, Appellant.**

No. 47899.

Supreme Court of Missouri,

Division No. 1.

June 13, 1960.

Richard B. Kirwan, Kansas City, for appellant.

John M. Dalton, Atty. Gen., W. Don Kennedy, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

A jury convicted Robert Martin of second-degree murder and found that he had been theretofore convicted of three felonies as charged and thus fixed his punishment at life imprisonment. Inasmuch as he has filed no brief, we shall examine the assignments of his motion for new trial.

We consider his new-trial assignment No. 2 as a contention that the state's evidence was insufficient to sustain the conviction for the asserted reasons that the testimony was "conflicting, speculative and unconvincing."

The state's evidence tended to show that about two o'clock in the morning of October 26, 1958, defendant initiated a fight with one Prett Rollins on a parking lot at a barbecue establishment at 24th and Brooklyn in Kansas City; that Rollins defended himself and upon defendant's continuing the attack threw defendant to the ground; that some onlookers separated them, whereupon defendant ran across the parking lot, got into an automobile and drove away; that he returned in about three minutes riding as a passenger in an automobile which stopped a short distance from the doorway of the "barbecue building"; that defendant stepped out of the car and with a shotgun fired at Rollins who had been running toward and had just reached the doorway of the "barbecue building"; and that Rollins fell as he went through the doorway and the shot meant for him struck and killed John D. Netherlands.

■■ In determining its sufficiency, we consider as true the evidence favorable to the state and the reasonable favorable inferences to be drawn therefrom. Evidence to the contrary is rejected. So viewing the above-stated evidence, a jury reasonably could have found that defendant feloniously, wilfully, premeditatedly, and with malice aforethought killed John Neth-

erlands and was thus guilty of murder in the second degree; and that is true even though the shot he fired struck one other than his intended victim. State v. Richardson, Mo., 321 S.W.2d 423, 428 [8–10]. Defendant, however, points out that on cross-examination one of the state's witnesses admitted that he had consumed about 1½ pints of liquor prior to the time he saw the person whom he identified as defendant fire the shotgun; that another identified defendant as the one who fired the gun even though that witness had what defendant describes as only a "fleeting glance" of such person; that another state's witness was allegedly confused and unable to explain the basis for her testimony; and therefore, says defendant, considering the state's evidence as a whole, the identification of him as the one who fired the shot which killed Netherlands was unsatisfactory and, we suppose defendant means, so unsatisfactory as not to be substantial evidence.

■ A review of the testimony of the state's witnesses discloses that while cross-examination of them developed circumstances which might in the jury's judgment have affected its weight, their testimony was not so speculative or unconvincing as to destroy its value or probative force. On the contrary, the state adduced substantial evidence of defendant's guilt. Defendant's altercation with Rollins was conceded and witnesses positively identified defendant as the person who returned and fired the shot at Prett Rollins which struck and killed John Netherlands. The facts and circumstances which may have affected the credibility of that testimony were for the consideration of the jury in performing its function to weigh the evidence. State v. Harmon, Mo., 243 S.W.2d 326, 331 [9].

Defendant's fourth new-trial assignment is that the trial court erred in giving instruction 2 for the reason, inter alia, that it required the jury to assess a penalty of life imprisonment against defendant if it found him guilty of second-degree murder

and further found that he had been theretofore convicted of the three felonies as charged in the information and as set forth in the instruction without requiring that the jury find the fact of the prior convictions beyond a reasonable doubt. We are of the opinion that this contention must be sustained for the reasons which will appear.

Instruction 1, after defining terms, directed that if the jury found and believed from the evidence beyond a reasonable doubt that Martin wilfully, feloniously, premeditatedly, and with malice aforethought killed Netherlands, it would find him guilty of murder in the second degree, and unless the jury so found, it would acquit him; and, further, that if it did find defendant guilty of murder in the second degree it would assess his punishment at imprisonment in the penitentiary for any term it deemed proper not less than ten years.

Instruction 2 was in part: "The Court instructs the jury that if you find the defendant, Robert Martin, guilty of Murder in the Second Degree and if you further find the defendant, Robert Martin [then are set forth the averred facts relating to the three prior felony convictions, i. e., the fact of the conviction for the specified felony, the sentence therefor, the discharge of the defendant, etc.], you will assess his punishment at imprisonment in the State Penitentiary for the remainder of his natural life." (Bracketed insert ours.) Thus, it is apparent that while the jury was required by instruction 1 to find beyond a reasonable doubt the facts constituting defendant's guilt of murder in the second degree, the jury was not required to find beyond a reasonable doubt the fact that defendant had theretofore been convicted of three felonies and discharged from each either upon pardon or upon compliance with the sentence therefor.

■ It is generally well established that when "the state relies on a prior conviction of accused to impose a more severe punish-

ment, the former conviction must be proved by the required legal evidence, and must be established beyond a reasonable doubt." 24 C.J.S. Criminal Law § 1968, p. 1164, and cases cited in note 36. See also the cases cited in the 1960 Cumulative Annual Pocket Part to 24 C.J.S. Criminal Law § 1968, p. 394, note 36, and the annotation, 79 A.L.R. 1337.

Some of the cases from other jurisdictions state that the prior convictions are considered a part of the offense charged at least to the extent of aggravating that offense and authorizing an increased punishment therefor. In State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077, 1081 [4, 5], the court said: "It is well established in this State that the defendant in a criminal case can stand mute and put the State on proof beyond a reasonable doubt of every essential element of the crime for which punishment is to be meted out. As said in the McBroom case: 'Under our practice, however, no matter how strong the proof may be of an affirmative fact presented by the state, and notwithstanding there may be no contradiction thereof, still it is for the jury to say whether or not the fact is established.' [238 Mo. 495, 141 S.W. 1121]. This rule applies to proof of the prior conviction as well as to other essential elements of the offense. Annotations, 58 A.L.R. p. 59; 85 A.L.R. p. 1104." In State v Humphries, 350 Mo. 983, 169 S.W.2d 350, in footnote 1 at page 352, the author of the Kimbrough opinion, supra, said: "In a recent case, State v. Kimbrough, Mo.Sup., 166 S.W.2d 1077, 1081(4), the writer hereof loosely stated that the accused could stand mute and put the State on proof of his prior conviction, as well as 'other essential elements of the offense,' thereby seemingly implying the prior conviction is one of the essential elements of the offense in an habitual criminal case. What was meant was that the State's burden extends to all the essential elements of the case."

■ It seems clear from the language in State v. Kimbrough, supra, as explained

and clarified by the footnote in State v. Humphries, supra, that the rule in Missouri is that while a prior conviction charged for the purpose of increasing punishment is not an "essential element of the offense" for which a defendant is on trial, it is an "essential element of the case" on trial, as to which element the state has the same burden of proof (beyond a reasonable doubt) as it has as to any other essential element of the case.

■ It is apparent that the failure of instruction 2 to require the jury to find beyond a reasonable doubt the fact of the prior felony convictions as charged is not cured or affected by the requirement of instruction 1 to find defendant's guilt of murder in the second degree beyond a reasonable doubt. The only other instruction which had to do with the state's burden or required degree of proof was 5 which stated:

"The Court instructs the jury that the law presumes the innocence and not the guilt of the defendant, and this presumption of innocence attends the defendant throughout the trial, and at the end entitles the defendant to an acquittal, unless the evidence in the case, when taken as a whole, satisfies you of defendant's guilt beyond a reasonable doubt, as defined in these instructions.

"The Court instructs the jury that if they have a reasonable doubt of defendant's guilt, they should acquit, but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching defendant's guilt and not a mere possibilty of defendant's innocence."

It appears that instruction 5 reasonably may not be construed to supply the noted deficiency in instruction 2. That is because instruction 5 refers only to the guilt of the defendant and the "guilt" referred to reasonably means guilt of second-degree murder, the offense for which defendant was

on trial. It would unduly stretch the imagination to say that a jury would understand or believe that instruction 5 referred to the state's burden of proof as to the prior convictions as well as to defendant's guilt of second-degree murder.

■ There is no merit in defendant's contention that instruction 2 is erroneous for the further reason that it mandatorily required the assessment of life imprisonment. If, under proper instructions, the jury had found defendant guilty of the offense charged and had found that he had theretofore been convicted of the felonies as charged, "the infliction of the maximum penitentiary sentence was mandatory (V. A.M.S. § 556.280) * * *." State v. Eckenfels, Mo., 316 S.W.2d 532, 534 [1–3].

■ We call attention to defendant's new-trial contention with respect to instruction 3. That instruction was: "The Court instructs the jury that if you find from the evidence that the defendant, Robert Martin, at the County of Jackson, State of Missouri, on the 26th day of October, 1958, did wilfully, premeditatedly and with malice aforethought, attempt to shoot and kill Prett Rollins, and in said attempt shot and killed John D. Netherlands, as charged in the information, then any such wilfullness, premeditation and malice which you find Robert Martin had in connection with said attempt to fill Prett Rollins (if any) must be attributed to Robert Martin in the killing of John D. Netherlands, if it be found that Robert Martin did shoot and kill John D. Netherlands." Defendant contends that the instruction erroneously failed to require the jury to find the facts hypothesized beyond a reasonable doubt. Without deciding whether the instruction, when considered with all the other instructions, is reversibly erroneous, we think there is merit in defendant's contention.

■ We should note also that defendant's new-trial motion assigned as error the failure of the trial court to instruct on manslaughter. Defendant made no request for such an instruction but if there was substantial evidence tending to show that defendant had lawful provocation, then he was entitled to a manslaughter instruction irrespective of whether such was requested. Supreme Court Rule 26.02(6), V.A.M.R.; State v. Haynes, Mo., 329 S.W.2d 640, 645 [5–7].

■ It would serve no useful purpose to minutely review the testimony in this record to demonstrate our view that the trial court did not err in failing to instruct on manslaughter, because we may not forecast what other evidence may be adduced at a retrial. As we have noted, however, the state's evidence tended to show that Rollins engaged in a fight with defendant brought on by defendant. Defendant did not testify but his evidence tended to show that he engaged in a fight with Rollins and immediately thereafter went to his home where he remained until he went to work later that morning; that he was not the person who fired the shot which killed Netherlands. Suffice for present purposes to say that our examination of the record convinces us that the only personal violence (necessary to provide the provocation to reduce the degree of homicide from murder to manslaughter, State v. Haynes, supra, 329 S.W.2d 645 [8] ), upon defendant resulted from the actions of Rollins taken by him in the lawful exercise of the force necessary to resist the defendant's unprovoked attacks and thus whatever provocation defendant had was not induced or brought about by his intended victim Rollins but was induced and brought on by his own improper acts; and consequently, that whatever provocation defendant may have had was not the "lawful provocation" which would reduce the degree of the homicide from murder to manslaughter. There was no substantial showing that Rollins used greater force than was necessary to repel defendant's attacks, albeit there was testimony that it was difficult to pull Rollins away from defendant and to hold him to prevent his pursuit as defend-

 

ant left the lot. See 40 C.J.S. Homicide § 48a, p. 912; 26 Am.Jur., Homicide, § 22, p. 169; State v. Williams, Mo., 323 S.W.2d 811; State v. Pollard, 139 Mo. 220, 40 S.W. 949, 952; State v. Blunt, 110 Mo. 322, 342f, 19 S.W. 650, 655; State v. Barutio, 148 Mo. 249, 49 S.W. 1004; State v. Snell, 78 Mo. 240, 244(7).

For the error noted in instruction 3, the judgment is reversed and the case remanded for a new trial.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.