STATE of Missouri, Respondent,

v.

Lalo Maurice TREVINO, Appellant.

No. 53179.

Supreme Court of Missouri,
Division No. 1.

June 10, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Edward L. Downs, Special Asst. Atty. Gen., Cape Girardeau, for respondent.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

WELBORN, Commissioner.

Appeal from seven-year sentence for second degree burglary. A jury found Lalo Maurice Trevino also known as Eulalio Mauricio Trevins, guilty of the offense and the court fixed the punishment under the second offender act.

Kansas City police found appellant and another inside a building to which entrance had been gained by prying off a lock on an outside door. Both appellant and his companion were shot, while in the building, by the arresting officers.

This appeal involves two points. The first is that the trial court erroneously referred to "LALO MAURICE TREVINO ALSO KNOWN AS EULALIO MAURICIO TREVINS" in its instructions. The verdict-directing instruction so named the defendant, as did the forms of jury verdict instruction. Appellant contends that there was no evidence before the jury showing that appellant had made use of an alias. The only reference to the name "Eulalio Mauricio Trevins" appeared in the proof of the habitual criminal charge which was not heard by the jury. The amended information did name the defendant as "Lalo Maurice Trevino a/k/a Eulalio Mauricio Trevins." Appellant contends that the so-called alias could have been inserted in the instructions only for the purpose of intimating to the jury that the defendant had a prior criminal record, and the instrucctions were, therefore, erroneous.

The identical contention was asserted in State v. Daniels, Mo.Sup., 347 S.W.2d 874. There the court refused to sanction the use of an alias in instructions when there was no evidence to authorize its use. However, the court pointed out that no case had been reversed by it on such account. See State v. Richards, 334 Mo. 485, 67 S.W.2d 58, 62; State v. Loston, Mo.Sup., 234 S. W.2d 535, 539. The court, as in Loston, applied "the sensible rule" laid down in Petrilli v. United States, 8th Cir., 129 F.2d 101, 104, as follows:

" 'But where, as here, a reference to the aliases has crept into the proceedings, the situation on appeal will not be controlled by the application of any abstract principle, but by a concrete appraisal of the significance of the incident in relation to the processes of the trial as a whole.' "

Here, the evidence of appellant's guilt was well-nigh overwhelming. He was apprehended practically in the act and we fail to see how the reference to the use of another name in the instruction was of any significance "in relation to the processes of the trial as a whole."

Appellant's second point involves proof of his imprisonment upon a prior conviction in order to invoke the second offender act. § 556.280, RSMo 1959, V.A.M.S. The state introduced into evidence the record of the judgment of conviction of Lalo Maurice Trevino, in the Jackson County Circuit Court, on February 21, 1961, on a charge of attempted burglary, second degree. In proof of the element of imprisonment (State v. Kent, Mo.Sup., 375 S.W.2d 40, 43 [12]), the state produced a certified transcript of the Department of Corrections' serial record of "Eulalio Mauricio Trevins." The record showed that the person named therein had been sentenced on February 21, 1961 to two years' imprisonment in the Jackson County Circuit Court for attempted burglary, second degree, and received by the Department of Corrections on February 24, 1961. When appellant's counsel objected at the trial that there was no evidence that Lalo Maurice Trevino and Eulalio Mauricio Trevins were the same person, the trial court noted that the transcript included a picture of the person referred to in it and that the defendant appeared to be that person.

■ Appellant here contends that the state failed to prove, beyond a reasonable doubt (State v. Martin, Mo.Sup., 336 S.W. 2d 394, 396–397[4], [5]), that he was the person described in the transcript. The entire transcript, including the photographs, was before the court. State v. Hill, Mo. Sup., 371 S.W.2d 278, 282[7–9]. The court had the right to view the photograph and conclude therefrom that the record did refer to the appellant, whom the court had before it in making its ruling. There were circumstances corroborating the court's con-

clusion. Although the names were not idem sonans, there was a considerable similarity. In addition, the transcript shows that the person named therein had been convicted in the Jackson County Circuit Court on February 21, 1961, and sentenced to two years' imprisonment on a charge of attempted burglary, second degree. Appellant does not question the proof of his conviction, shown by the record of the Jackson County Circuit Court to have been entered on February 21, 1961, for a term of two years for attempted burglary, second degree. Appellant does point out that the record of the circuit court shows that the sentence was to have begun on November 14, 1960. However, the judgment of conviction was entered on February 21, 1961, and it is obvious that, as the trial court noted, the 1961 sentence intended to allow credit for jail time. However, the sentencing court may not fix the time at which the term of imprisonment begins and the Department of Corrections simply ignored the time stated in the judgment and began the sentence at the time when appellant was received by the Department. This, of course, the Department had the right to do. See State v. Testerman, Mo.Sup., 408 S.W.2d 90, 92[1, 2]; Higlin v. Kaiser, 352 Mo. 796, 179 S.W.2d 471, 473[6].

We are of the opinion that the trial court properly concluded that the second offender act was applicable to appellant.

We find no error in the matters of record reviewed pursuant to Supreme Court Rule 28.02, V.A.M.R.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the judges concur.