**STATE of Missouri, Respondent,**

v.

**Donald Charles STUBENROUCH, a/k/a Paul Richards, Appellant.**

No. 34596.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 11, 1973.

John C. Danforth, Atty. Gen., J. Brendan Ryan, Mark D. Mittleman, Asst. Attys. Gen., St. Louis, Karen I. Harper, Asst. Atty. Gen., Jefferson City, for respondent.

James A. Bell, Allen I. Harris, St. Louis, for appellant.

A jury found defendant guilty of stealing from a dwelling house and under the Second Offender Act the court sentenced him to seven years imprisonment. Defendant appeals.

The evidence of stealing from the dwelling house was uncontradicted and overwhelming. The homeowner saw defendant at close range while prowling through his home. Minutes later police found defendant hiding inside an automobile in and near which they found the homeowner's personal property. Defendant does not question the sufficiency of the evidence, but three issues are raised on appeal.

First, defendant argues the state proved burglary rather than stealing from a dwelling house. Although there was evidence to support a charge of burglary, defendant was not charged with burglary and the state proved all of the elements of the offense charged. This point is denied.

Second, defendant now contends a venire woman should have been stricken for cause when she said she had been the victim of a burglary. Defendant did not ask the court to strike her for cause but instead asked that her answers be stricken; the court did so and instructed the panel to disregard her answers. Hence, this point is without merit.

Defendant's final point concerns the reading of an alias after his name in the amended information and the State's referral to the alias in its opening statement. There was no evidence defendant used an alias. This was noticed by at least one juror who before retiring to deliberate asked the court what was the defendant's "other known as." (This inquiry may

have been prompted by evidence that one intruder called the other "Jim.") The court responded that the jury would have to be governed by the evidence and defendant then moved for a mistrial. The court offered to tell the jury to disregard all reference to the alias but defense counsel declined the offer, believing "that will accentuate it." Mistrial was denied and defendant has preserved the point on appeal.

In ruling this point we bear in mind that granting a mistrial is a drastic remedy to be used only in extraordinary circumstances. In this the trial court has a broad discretion which we honor absent a clear showing the trial court abused its discretion. State v. Johnson, 496 S.W.2d 852 [6, 7] (Mo.1973). An abuse of discretion is an erroneous finding and judgment which is clearly contrary to the facts or the logical deductions from the facts and circumstances before the court—a judicial act which is untenable and clearly against reason and which works an injustice. Harriman v. Harriman, 281 S.W.2d 566 (Mo.App.1955).

The word "alias" normally carries an unfavorable connotation and the improper, unfair use of an alias could warrant a mistrial. State v. Varner, 329 S.W.2d 623 [3] (Mo.1959). Appellant cites no case, and we find none in Missouri, where an appellant court has reversed a conviction on this ground. See State v. Trevino, 428 S.W.2d 552 [1] (Mo.1968) where the court applied "the sensible rule" laid down in Petrilli v. United States, 8th Cir., 129 F.2d 101, 104: "But where, as here, a reference to the aliases has crept into the proceedings, the situation on appeal will not be controlled by the application of any abstract principle, but by a concrete appraisal of the significance of the incident in relation to the processes of the trial as a whole." We have so appraised the incident and conclude as our Supreme Court did in *Trevino* at 428 S.W.2d, loc. cit. 554: "Here, the evidence of appellant's guilt was wellnigh overwhelm-

ing. He was apprehended practically in the act and we fail to see how the reference to the use of another name . . . was of any significance in relation to the processes of the trial as a whole."

Accordingly we hold there was no abuse of discretion in refusing to grant a mistrial.

Judgment affirmed.

DOWD, C. J., and WEIER, J., concur.