STATE of Missouri, Respondent,

v.

Quincy FALLS, Appellant.

No. 41439.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 19, 1980.

David M. Johnson, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Sean J. O'Hagan, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

Shoplifting. The state charged that defendant Quincy Falls acting with another feloniously stole two suits from a department store. After a verdict of guilty the trial court sentenced defendant as a prior felon to five and a half years in prison. He appeals, contending the court erred in admitting the two suits in evidence and also erred in using the alias "a/k/a Quincy Tramble" in the submitted verdict forms.

The state's evidence: Defendant and his sister entered a department store carrying shopping bags; near the front door they examined men's suits displayed on racks. An undercover security guard first saw defendant take a suit from a rack and put in in his sister's shopping bag; moments later, in defendant's presence, his sister put another suit in the shopping bag. As the two hurriedly left the store another security guard stopped defendant; still another guard pursued the sister and caught her as she was running in the parking lot with the two suits in her shopping bag.

■ For his first point defendant contends it was error to admit the suits in evidence because they were not sufficiently identified as those taken by defendant and his sister. He bases this on testimony that the first security guard could not, from her position some 30 feet away, adequately describe the suits as they were being stashed into the shopping bag. However, at trial she positively identified the two suits offered in evidence as those recovered from the sister when arrested in the parking lot.

■ Articles offered in evidence are admissible if in the trial court's discretion they tend to connect a defendant with the crime or corroborate the testimony of state's witnesses. *State v. Broadnax,* 572 S.W.2d 224[7–9], (Mo.App.1978). To be admissible such exhibits need not be unqualifiedly identified and the weight accorded the identification is for the jury. *State v. Stancliff,* 467 S.W.2d 26[2] (Mo.1971). We deny defendant's first point.

■ Defendant's other point is that the trial court erred in submitting verdict forms in which defendant's name Quincy Falls was followed by "A/K/A Quincy Tramble". He logically argues this was unnecessary and inflammatory because it tended to inform the jurors he had previously used the alias "to avoid prosecution for other crimes". Defendant duly objected at trial and has preserved the point.

The state's information properly pleaded the alias in connection with the defendant's two prior convictions. At trial the alias was not mentioned in evidence, in argument nor in the instructions the court read to the jury; it appeared only in the two verdict forms which were not read to the jury.

Defendant relies primarily on *State v. Varner,* 329 S.W.2d 623[3, 4] (Mo.1959), holding the word "alias" normally carries an unfavorable connotation and its improper use may require a new trial. He also cites *State v. Van,* 543 S.W.2d 827[14] (Mo.App.1976), which cited *Varner,* but held "in appraising the significance of the use of the one alias in the verdict forms ' "in relation to the process as a whole" ' . . . the court did not abuse its discretion." Neither case found reversible error.

Both parties' contentions are summarized and ruled in this court's opinion in *State v. Stubenrouch,* 499 S.W.2d 824[7] (Mo.App. 1973) where the state twice referred to an alias after defendant's name. We held: "The word 'alias' normally carries an unfavorable connotation and the improper, unfair use of an alias could warrant a mistrial. *State v. Varner,* 329 S.W.2d 623[3] (Mo. 1959). Appellant cites no case, and we find none in Missouri, where an appellant court has reversed a conviction on this ground. See *State v. Trevino,* 428 S.W.2d 552[1] (Mo.1968) where the court applied 'the sensible rule' laid down in *Petrilli v. United States,* 8th Cir., 129 F.2d 101, 104: 'But where, as here, a reference to the aliases has crept into the proceedings, the situation on appeal will not be controlled by the application of any abstract principle, but by a concrete appraisal of the significance of the incident in relation to the processes of the trial as a whole.' "

So considering the case before us, although we do not condone the use of the alias in the verdict forms, we hold that alone was not so erroneous as to rule that the trial court abused its discretion in denying a mistrial.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.