**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Edward BARRY, Defendant–Appellant.**

**No. 41316.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 10, 1980.

Motion for Rehearing and or Transfer to Supreme Court Denied July 18, 1980.

Application to Transfer Denied
Sept. 9, 1980.

John Ashcroft, Atty. Gen., Paul Robert Otto and John M. Morris, III, Asst. Attys. Gen., Jefferson City, and George A. Peach, Circuit Atty., St. Louis, for plaintiff–respondent.

Robert C. Babione, Public Defender and Sara T. Harmon, Asst. Public Defender, St. Louis, for defendant–appellant.

DOWD, Presiding Judge.

Edward Barry, defendant, appeals from his conviction of stealing $50 or over contrary to § 560.161, RSMo 1969. The evidence indicated that on the evening of March 4, 1978, Greg Crayne, an employee at the Bel–Air Hilton in St. Louis observed the defendant standing near an automobile later identified as belonging to the victim, Thomas Higgins. Mr. Crayne reported defendant's presence to the hotel's front desk and a security guard was promptly dispatched. Later Mr. Crayne watched defendant get out of the victim's car carrying a paper bag. Mr. Crayne and the hotel guard chased the defendant for approximately a block and one half before they apprehended him. Mr. Crayne testified that he never lost sight of the defendant during the chase and when he was apprehended he was still carrying a paper bag which was found to contain a C.B. radio, a measuring tape and a magnetic key. Mr. Higgins identified the items as his. Fingerprints taken from the C.B. radio were identified as the defendant's.

The jury returned a verdict of guilty and the court assessed defendant's punishment at eight years imprisonment pursuant to the Second Offender Act, § 556.280, RSMo 1969.

Defendant's first claim on appeal is that there was insufficient evidence to prove beyond a reasonable doubt that defendant had previously been convicted of an offense punishable by imprisonment and by finding the Second Offender Act applicable to the defendant, the court deprived him of his statutory right to have a jury assess his punishment.[1] The evidence introduced to support the fact that defendant came with-

---

1. In *State v. Blackwell*, 459 S.W.2d 268 (Mo. banc 1970) the court states that the evidence "clearly establishes that defendant has been convicted previously." *Id.* at 272. The State argues that this dictum should be read as establishing a new standard for proof of prior convictions. We do not agree with the State's interpretation of this language. The State must, if it wishes to have the court assess the defendant's punishment, charge the defendant with having been previously convicted. The charge that the defendant is a second offender is an element of the State's case and as such must be proved beyond a reasonable doubt. *State v. Garner*, 538 S.W.2d 937, 943 (Mo.App. 1976). The State argues that the court in *Garner* mistakenly relies on *State v. Martin*, 336 S.W.2d 394 (Mo.1960) because that case was

in the purview of the Second Offender Act consisted of a court file from the 22nd Judicial Circuit of Missouri dated October, 1969, a certified transcript of the serial record of James Reco Barrett and attached photographs and fingerprints.

The court file contained, among other things, a copy of the information and court proceedings stating that "James Reco Barrett alias James Edward Barry alias Edward Barry" had pled guilty to a charge of stealing fifty dollars or more and had been sentenced to two years imprisonment. The serial record contained a detailed physical description of one James Reco Barrett and a statement of the fact that he had received a two year sentence for stealing fifty dollars or more by deceit and had been paroled after serving a portion of the sentence. The evidence presented in the instant case establishes that defendant was convicted of stealing fifty dollars or over, that he was sentenced to two years imprisonment and that he was paroled some months later after serving a portion of the sentence. Although the minute entries of these facts refer to the defendant as James Reco Barry, the information from which these pro-

ceedings resulted and the judgment rendered thereon identify the defendant as "James Reco Barrett, also known as Edward Barry." This identity of names is sufficient to constitute a prima facie case of identity for purposes of the Second Offender Act. *State v. Cook*, 463 S.W.2d 863, 868 (Mo.1971). The defendant was present in the court room throughout the course of the trial affording the judge ample opportunity to compare the defendant with the detailed description contained in the serial record. Had there been any discrepancy between defendant's appearance and the description in the record we are confident the trial court would not have made the finding that the Second Offender Act was applicable to the defendant.

■ The identity of names and the comparison of the defendant with the description in the record gave rise to the presumption that the defendant was indeed the same person as James Reco Barrett, alias James Edward Barry. It, therefore, "devolved upon him who would deny identity to overcome the presumption." *Id.* at 869.[2]

decided prior to the 1959 amendment to § 556.-280, RSMo 1959. At the time *Martin* was decided the jury determined the issue of prior conviction. Section 556.280 had been amended by the time *Garner* was decided to require a determination of that issue by the court, out of the hearing of the jury. This is the sole change in the Statute which is germane to the issue of the State's burden of proof. The State's position, that the burden of proof should change because the trier of fact in the issue of whether the defendant is a second offender has changed, has no basis in logic. The State's position lends itself to questions of due process violations and we do not support it.

2. Defendant also complains of the alleged improper introduction into evidence of "mug shots" and fingerprints of James Reco Barrett. Defendant contends that these items should not have been introduced with the serial record because they were not certified as part of the record but were merely attached to it. Defendant cites no authority for his contention that the photographs and fingerprints require certification to be admissible. The court in *State v. Shumate*, 516 S.W.2d 297 (Mo.App.1974) indicates and we agree that it is proper for the trial court to view the photographs and fingerprints even in the absence of certification. *Id.* at 300. Defendant asserts in the alternative that even if

the admissibility of the photographs may be assumed there is no evidence in the record to indicate that the judge based his opinion that James Reco Barrett and Edward Barry were the same person on a comparison of the photograph with the defendant. The trial judge states in the transcript that he was looking at a copy of the prior judgment contained in the court file and that "it sure makes up the Court's mind". From this statement defendant assumes that the court did not consider the photograph of James Reco Barrett in reaching the conclusion that he and Edward Barry were the same person even though the photographs were in evidence and before the court. This is purely speculation. Where the photographs and the defendant were before the court is more reasonable to assume that a comparison was made than to assume the contrary. *State v. Collins*, 394 S.W.2d 368, 371 (Mo.1965). Even assuming that the trial court did not utilize the photographs in establishing the defendant's identity, the trial court had an opportunity to compare the defendant with the detailed description of James Reco Barrett contained in the serial record. It is a fair assumption that the court made such a comparison prior to its finding that James Reco Barrett and Edward Barry were the same person. *See, State v. Cook*, 463 S.W.2d 863, 869 (Mo.1971).

The evidence of the prior conviction is sufficient to prove beyond a reasonable doubt that James Reco Barrett and Edward Barry were the same person.

Accordingly, we rule defendant's first point against him.

Defendant, in his second point asks this court to find the prosecutor's mention during voir dire of another name that defendant had used in the past to be reversible error. Defendant acknowledges the fact that no Missouri Appellate Courts have reversed a trial court decision on this point but asks that we be the first court to adopt a rule of per se reversible error whenever an alias immaterial to the charge is mentioned. We decline to adopt such a rule because we believe the more flexible "sensible rule" as utilized in *State v. Trevino*, 428 S.W.2d 552, 553 (Mo.1968) to be the better rule. It has consistently been held in Missouri that mention to the jury of an alias is not reversible error where the evidence of guilt is overwhelming and the effect of the alias is insignificant in relation to the trial as a whole. *State v. Van*, 543 S.W.2d 827, 832 (Mo.App.1976); *State v. Stubenrouch*, 499 S.W.2d 824, 826 (Mo.App.1973).

Here the defendant was watched as he got out of a car carrying a bag. He was chased and apprehended with the bag still in his possession. One witness testified that he never lost sight of the defendant from the moment he left the victim's car until he was apprehended. Defendant's fingerprints were found on the items in the bag which were valued at greater than $50.

Considering the overwhelming nature of the evidence the mention of a single alias during voir dire could not have had a significant effect upon the trial as a whole.

Judgment affirmed.

CRIST and REINHARD, JJ., concur.