**STATE of Missouri, Respondent,**

v.

**Jerry W. RICHMOND, Appellant.**

**No. WD 32174.**

Missouri Court of Appeals, Western District.

Dec. 1, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1982.

David M. Strauss, Public Defender, and John M. Cave, II, Asst. Public Defender, Columbia, for appellant.

John Ashcroft, Atty. Gen., and Steven H. Akre, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C. J., and CLARK and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Appellant was convicted in a jury trial in Callaway County of two counts of sale of marijuana in violation of § 195.020 RSMo, 1978. He was sentenced to two ten year terms to be served concurrently. The judgment is affirmed.

On two separate occasions appellant sold quantities of marijuana to Michael Swenson, an undercover policeman. The sales were arranged by an informant who identified the seller as Jerry Richmond, the appellant. At the first meeting between appellant and Officer Swenson they talked for several minutes and at one point Swenson was only a foot or so away from appellant. Appellant then sold two bags of marijuana to Officer Swenson. At the next meeting, appellant and Swenson met in a bar and talked for about thirty minutes before they went for a ride in appellant's car and consummated the second sale. Appellant denied the sales but offered no alibi.

On the morning of trial appellant filed a Motion to Suppress Officer Swenson's testimony that would identify the appellant as the seller of marijuana based on the fact that Swenson's testimony was based on hearsay, *i.e.*, the fact that the informant told Swenson appellant's name. At the

hearing on the Motion to Suppress, appellant waived presenting evidence and told the trial judge that he would rely upon cross-examination of the officer at trial to illustrate his point.[1]

The trial then commenced with Swenson as the state's first witness. Defense counsel immediately objected to the officer's testimony concerning "knowledge of the defendant" as based on hearsay and requested leave of court to voir dire the witness for the purpose of his objection.

The following exchange occurred:

COURT: Mr. Cave, this is why I asked you before we began the trial, whether you wanted to do this with the witness. This is the very reason I asked you that question, if you wanted to take up the witnesses and ask any questions.

MR. CAVE: I indicated at that time I'd make my objections during the trial based on hearsay. Now, regarding the show up, that may be part of the hearsay.

COURT: No, the request to examine the witness outside the hearing of the jury at this time will be denied. I will wait on your—he's indicated he knows the Defendant. I will presume the next question will tell me how, then I will hear your objection. Objection at this point will be overruled.

At the hearing on Motion for New Trial, appellant offered this explanation of his tactic to not present evidence at his Motion to Suppress prior to trial: "Cross-examination came at that opportunity, I didn't have a chance to present the question of hearsay. Now there was another issue raised in the motion for a motion to suppress the identification, which that portion of it, I was willing to abandon, but for purposes of laying the foundation for an objection to the identification on the basis of hearsay, I felt as though I could take it up during the cross-examination."

In denying the motion for new trial, the court expressly approved its trial rulings,

noting that appellant elected not to pursue the Motion to Suppress, but instead had told the court he wished to cross-examine the witness on his identification.

The sufficiency of the evidence is not challenged. Appellant also failed to preserve the matter of appellant's hearsay objection to Swenson's identification testimony being overruled. On appeal, appellant's sole point relied on, without the support of any citation of authority, is as follows:

"The Court erred to the prejudice of defendant in refusing defendant the opportunity to question the witness Michael Swenson outside the hearing of the jury on the issue of the identification of defendant as the perpetrator of the alleged crimes for the purpose of objecting to said identification as being based upon hearsay."

In his argument, appellant's contention is that prior to trial Officer Swenson refreshed his recollection of appellant by looking at appellant's drivers license, and that Swenson was only able to obtain this license because the third party informant had supplied appellant's name.

Appellant shows no prejudice from nor abuse of discretion in the trial court's refusal to grant the voir dire of the witness outside the hearing of the jury. As was aptly stated by Judge Conley in denying the Motion for New Trial:

[P]rior to trial, Court did afford counsel the opportunity to present any evidence in chambers outside the hearing of the jury with reference to the motion to suppress identification, and the Defendant chose, for whatever reason that might be, not to elect to do that at that time. I assume it was for the reasons given here this morning. Court likewise notes that the Defendant had ample opportunity to develop with Witness Swenson on cross-examination the basis on which his identification is made, and did in fact explore to some degree that identification and the reliability of same.

1. Apparently, the court never expressly ruled on the Motion to Suppress the identification

testimony, most likely because no evidence was offered in support of the motion at that time.

There is no explanation given as to wherein and why the denial of voir dire during trial prejudiced appellant or what could have been elicited at voir dire that could not have been determined elsewhere. The transcript of this case reveals extensive testimony by the officer as to close, personal interaction between himself and appellant. Again, no hint is given by appellate counsel as to what he could have accomplished from the voir dire during trial that he could not have accomplished by way of his Motion to Suppress or cross-examination. Nothing was brought out on cross-examination of Swenson that detracted from the officer's positive in-court identification of appellant. *See State v. Dentman*, 588 S.W.2d 508, 510–511 (Mo.App.1979) (where the defendant's Motion to Suppress suggestive pre-trial and in-court identifications by a policeman was overruled, the court ruling there was an earlier and independent basis for the officer's identifications).

Even assuming *arguendo* that the pre-trial activity of Swenson, *i.e.*, looking at the drivers license, could have been suggestive, Missouri cases analogous to the case at bar have established certain criteria for determining the proper circumstances in which a prior observation of the defendant may remove any taint of suggestiveness from alleged pre-trial improperties. "Reliability, not suggestiveness, 'is the linchpin in determining the admissibility of identification testimony . . .' . . . and reliability of an in-court identification is to be assessed under the 'totality of the circumstances.' . . . Factors to be considered include: (1) The opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and confrontation." *State v. Holt*, 603 S.W.2d 698, 702 (Mo.App.1980) (quoting *State v. Higgins*, 592 S.W.2d 151, 160[13, 14] (Mo. banc 1979)). *See also State v. Kent*, 602 S.W.2d 799, 805 (Mo.App.1980); *State v. Montgomery*, 588 S.W.2d 80, 82 (Mo.App. 1979) (cases involving effect of allegedly suggestive pre-trial lineup).

Consideration of all of these factors make it clear that the decision of the trial court to refuse to allow the voir dire was not an abuse of discretion, as it was not clearly against reason nor did it work an injustice upon appellant. *State v. Stubenrouch*, 499 S.W.2d 824, 826[4–6] (Mo.App. 1973).

Swenson's in-court identification was positive and the facts here meet the factors outlined in *Holt, supra*. The evidence was sufficient to establish an independent basis for Swenson's identification of appellant as the seller of the marijuana and was certainly sufficient to permit the jury to find appellant guilty. Moreover, there is no showing here of a resulting substantial likelihood of irreparable misidentification. *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972); *State v. Davis*, 529 S.W.2d 10, 13 (Mo.App.1975).

Appellant has not shown the trial court nor this court any reason for the need to voir dire, especially considering the fact he had abandoned his motion to suppress and the fact that he still had ample opportunity to cross-examine the witness. Since appellant sheds no light as to the purpose of his requested voir dire, and in view of the discretionary nature of the court's control of the orderly procedure and presentation of evidence during trial, the trial court's ruling here was certainly not erroneous. *State v. Knicker*, 424 S.W.2d 605, 607 (Mo. 1968). There was no prejudice to appellant and the trial judge did not abuse his discretion.

Judgment affirmed.