**In the ESTATE OF Fred D. GODWIN, Deceased.**

**Margaret Moore WASHINGTON, Appellant,**

v.

**Reverend Andrew FOSTER, Respondent.**

**No. 64942.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 6, 1995.

William P. Russell, St. Louis, for appellant.

Michael P. Gunn, Ballwin, for respondent.

GRIMM, Chief Judge.

In this probate matter, the trial court removed Margaret Moore Washington as co-personal representative. She appeals.

On February 3, 1995, respondent filed a motion to dismiss for failure to comply with Rule 84.04(d). The motion was ordered taken with the case. We now sustain the motion and dismiss the appeal.

Appellant's brief contains four points relied on. They are:

## I.

Whether or not the trial court's removal of appellant as co-personal representative was arbitrary and capricious.

## II.

Whether or not the trial court's action in removing appellant was a denial to certain heirs due process.

## III.

Whether or not the trial court's removal of appellant exceeded its jurisdiction.

## IV.

Whether appellant's conduct was so gross that it required removal.

Rule 84.04(d) requires points relied on to "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder." A cursory reading of appellant's points makes it abundantly clear that none of the points comply with

Rule 84.04(d). *Thummel v. King,* 570 S.W.2d 679, 684–85 (Mo. banc 1978).

We have examined the briefs, legal file, and transcript to determine whether there is any plain error. We do not find any, nor do we find any manifest injustice or miscarriage of justice resulting from the trial court's judgment. Rule 84.13(c). An extended discussion would have no precedential value.

Appeal dismissed.*

AHRENS, P.J., concurs.

KAROHL, J., dissents in separate opinion.

KAROHL, Judge, dissenting.

I dissent because this case is not controlled by *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978) and Point I is sufficient for review under Rule 84.04(d). The single issue in this case involves two questions of law. First, was there a sufficient allegation to remove a co-personal representative. Second, was the removal arbitrary and capricious where there was no evidence to support a judgment of removal. These matters were clearly understood during the trial and can be reviewed by this court on the basis of Point I in appellant's brief without any difficulty. I would reverse and remand.

On March 27, 1990, the probate court appointed Margaret G. Moore Washington and A.J. Foster co-personal representatives. Washington lived in the St. Louis area. A.J. Foster lived in Kansas City. On June 4, 1993, the court on its own motion ordered both Washington and Foster "to show cause why they should not be removed for failure to perform official duties." There was no allegation that Washington personally benefited from any activities as co-personal representative or that the estate was damaged by any act or failure to act on her part.

On September 30, 1993, after an evidentiary hearing, the court entered the following order:

> Order ratifying disbursement for roof repairs in the amount of $1,600.00.
>
> The Court finds that in making *payment for said repairs in cash and in failing to*

---

* Respondent's motion to strike addendum to appellant's brief is denied as moot.

*obtain a voucher within a reasonable time* that Margaret G. Moore Washington failed to perform her official duties and she is ordered removed as co-personal representative and her authority is revoked. Former co-personal representative ordered to file settlement to revocation on or before October 29, 1993. Rev. Andrew James Foster is authorized to continue administration as sole personal representative. (Emphasis ours).

The order to show cause mentioned failure to perform duties. The removal was solely because Washington failed to obtain a voucher within a reasonable time. The only evidence before the court was that a voucher was obtained on the day a cash payment was made for roof repairs that were made on real estate owned by decedent and administered in the estate. The amount of the payment had been agreed to by A.J. Foster who had signed a check in that amount and mailed it to the creditor. It was the amount ratified by the court. The cash payment was made because the check was lost in the mail. There was absolutely no effort to offer evidence that a receipt for the payment was not obtained at the time of payment. Significantly, at the hearing there was no mention that a failure to obtain a voucher within a reasonable time caused any damage to the estate or that Washington in any way personally benefited.

With this background we look to Point I in the brief. Appellant there asserts as a point on appeal that the trial court's removal of appellant is co-personal representative was arbitrary and capricious. The argument under that point is:

In the instant case, the Trial Court's removal of Appellant as Co–Personal Representative was completely against the weight of the evidence presented to the Trial Court. When the trial court's ruling clearly offends the logic of the circumstances or when it becomes arbitrary and unreasonable, its an abuse of discretion. *State v. Williams*, 643 S.W.2d 3, 4. *Waters v. Barbe*, 812 S.W.2d 753, 757[2] (Mo. App.1991); citing, *State v. Stubenrouch*, 499 S.W.2d 824.

Given the subject matter of the citation, the absence of any evidence to support any detriment to the estate and the only stated reason for removal which was wholly unsupported by any evidence, the trial court's order "clearly offends the logic of the circumstances [and was] arbitrary and unreasonable, ... an abuse of discretion." *Waters v. Barbe*, at 757. This is substantially the language selected by counsel in Point I. The point is not in model form but it is sufficient.

Because of the absolute simplicity of the single issue and relevant facts the holding in *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978) regarding the basis to reject review of points on appeal has no application. The requirement to state wherein and why the trial court erred is satisfied in Point I by a statement that the error of law was removal because it was arbitrary and capricious. It more than "closely approximate[s] what appellant believes should have been the trial court's conclusion of law on the point being addressed." *Id.* at 685. In *Thummel*, the Supreme Court was reviewing four points addressed to failure of the trial court to enforce certain activities. The points were insufficient to alert a reader to the nature of the claim of error. In this case the point fully informs the reader. Particularly, it fully informed respondent who filed a brief arguing that the trial court's order was not arbitrary and capricious because it was supported by evidence that Washington "failed to discharge her duties and/or mismanage the estate and/or endangered the co-personal representative...." In support of that argument respondent refers to her failure to secure a voucher for "expenses" and her failure to file or sign an annual settlement. Suffice it to say, misconduct was not charged and not found by the trial court and only one voucher was involved for payment of an obligation which the estate owed. In fact, neither the payment nor the manner of payment cited as improper conduct.

In *Thummel v. King*, the Supreme Court noted "the most important objective of the requirement relative to the points relied on is the threshold function of giving notice to the party opponent of the precise matters which must be contended with and answered." *Id.* at 686. Obviously, that has no application

here. There was no hinderance to respondent's counsel in properly performing a briefing obligation where the relevant facts are simple, stand uncontested in appellant's favor and the issue is a single question of law. In *Thummel*, the court expressly considered a case "where the facts are complex." *Id.*

The additional rational for Rule 84.04(d) is the need to inform the court of the issues presented for resolution and facilitation of full advocacy which affords the opportunity for clarification by meaningful questions directed to the issues stated in the points relied on. Appellant's Point I does not offend any of these requirements. Because the facts are simple and the issue is a matter of law relating to sufficiency of proof there is no possibility of misinterpretation of the nature of the contention by opponent or appellate court. The ability to respond by a claim that there was sufficient evidence to support the order was not hindered in any way. A dismissal of this appeal for hypertechnical, procedural reasons is wholly unjustified by the provisions of Rule 84.04(d) or the decision in *Thummel v. King*.

If a co-personal representative can be removed for failure to perform duties and that duty is the failure to obtain a voucher within a reasonable time, given the facts of this case and the absence of any proof whatever of failure to promptly obtain a voucher and detriment to the estate or benefit to the co-personal representative, then the loser is the decedent and the law. The tragedy inherent in this case is the expense caused by this frivolous proceeding which must be borne ultimately by the legatees and devisees under the will. That would be a basis to remove a co-personal representative.

Point I is reviewable and valid.