R. F. SPRINGER, Plaintiff in Error, *v.* M. M. McSPADDEN, Defendant in Error.

1. *Conveyances — Acknowledgments — Deputy clerks.*—Deputy clerks acting in the name of the chief clerk have power to take the acknowledgments of deeds and grant certificates thereon.

## Error to Dent Circuit Court.

*R. P. & C. C. Bland,* for plaintiff in error, cited Touchard v. Crow, 20 Cal. 150; Muller v. Boggs, 25 Cal. 175; Abrams v. Erwin, 9 Iowa, 87; Lynch v. Livingston, 2 Seld., N. Y., 422; Hope v. Sawyer, 14 Ill. 254; McCraven v. McGuire, 23 Miss. 100; Gibbs v. Gray, 20 Mo. 468; Cook v. Knight, 28 Texas, 85; 5 Com. Dig. 13; Rol. Abr. 591; 1 Salk. 96; Allen Sheriffs, 76–8; Lynch v. Simpson, 8 Barr, S. C., 463; 2 Seld. 432.

*A. J. Seay,* for defendant in error.

The acknowledgment by the deputy in the case at bar does not comply with the statute. There is no certificate by the officer taking the acknowledgment that the parties making the acknowledgment were personally known to him. But he certifies that they are well known to his principal. (See Garnier v. Barry, 28 Mo. 438.) It nowhere appears in the statute that the deputy ever had any authority of this kind, but the language of the statute is "clerk," not "deputy clerk." (Wagn. Stat. 259, § 16.) It provides that deputies may be appointed, and "may, in the name of their principals, perform the duties of a chief clerk." But it is not one of the duties of a chief clerk to take acknowledgments, but simply one of his perquisites. Failing or refusing to do so, would he be liable to the party complaining on his official bond? (Wagn. Stat. 258, § 5.)

WAGNER, Judge, delivered the opinion of the court.

In the progress of the trial in the court below it became necessary for the plaintiff to introduce in evidence a certain mortgage, which was objected to by the defendant on the ground that it was

not properly acknowledged. The objection was sustained by the court and the mortgage excluded, and this constitutes the alleged error in this case.

The acknowledgment is in due form, and it was taken and certified by the deputy of the circuit clerk in the name of the principal. It is now claimed that the acknowledgment was fatally defective; that the deputy had no right to take the same, and that no one but the principal in his own proper person could perform that act. The statute enacts that every clerk may appoint one or more deputies, who shall be at least seventeen years of age, and have all other qualifications of their principals, and take the like oath, and may, in the name of their principals, perform the duties of a chief clerk. (Wagn. Stat. 259, § 16.) Section 12 of the chapter in relation to conveyances (Wagn. Stat. 275) designates how the certificate of acknowledgment shall be granted, and declares that when granted by the clerk of a court it shall be under the hand of the clerk, and seal of the court of which he is clerk. Section 13 requires the person making the acknowledgment to be personally known to the officer taking the same, and the succeeding sections provide for proving the identity of the grantor by subscribing witnesses where he is not personally known to the officer.

Although the statute, when speaking of the duties and powers of the clerk in respect to taking acknowledgments, refers to him alone, yet it by no means follows that he cannot act by deputy. The law, in prescribing the duties of clerks, invariably designates the clerk alone, yet the functions of his office may always be performed by deputy duly appointed.

No discrimination is made by saying that the clerk shall do certain acts in his own proper person, and that others may be done by the deputy; but the language is broad and explicit, that the deputies may, in the name of their principals, perform the duties of the chief clerk. The deputy has no authority to act in his own name, but when he performs an official act in the name of the principal, it is the act of the principal himself. Taking the acknowledgment of deeds and granting certificates thereon are among the powers expressly devolved upon the clerk, and the

deputies, acting in the name of their principals, have the same power as the clerks themselves. As an historical fact, we know that the deputies have exercised this power in the name of their principals ever since the organization of this State. The practice has been universally acquiesced in by the courts and the profession, and, as far as our knowledge extends, it was never before challenged. To sanction the ruling of the Circuit Court in this case would be to unsettle and destroy the title to nearly all the land in the State.

The judgment must be reversed and the cause remanded. The other judges concur.