**STATE of Missouri, Respondent,**

**v.**

**William LOCKHART, Appellant.**

**No. 57380.**

Supreme Court of Missouri,
Division No. 1.

Nov. 12, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Edmund W. Albright, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from judgment of conviction on jury verdict and 5-year sentence, under Second Offender Act, for possession of apparatus for unauthorized use of narcotic drugs. § 195.020, RSMo 1969, V.A.M.S.

On November 24, 1970, four St. Louis detectives went to his place of residence to arrest William Lockhart on a charge of illegal sale of narcotics. As they approached the residence, they looked through a window and saw Lockhart, standing near a dresser and talking on the telephone. Lockhart answered the door in response to the officers' knock and was informed that he was under arrest for illegal sale of narcotics. The officers entered the residence and saw on the dresser a plastic bag which contained a hypodermic syringe and needle, three eyedroppers with hypodermic needles in them, three bottle caps and a small ball of cotton. In response to a question by one of the officers, Lockhart stated that the items were his. He was placed under arrest for the possession of narcotics paraphernalia.

At his trial, the officers testified to the seizure of the paraphernalia and how the items were adapted for the unlawful use of narcotic drugs. A police laboratory technician testified that a residue in two of the bottle caps was found to contain heroin. No evidence was offered by the defendant. A verdict of guilty was returned by the jury and, after a finding of a prior felony conviction, the court sentenced Lockhart to five years' imprisonment.

■ The first contention on this appeal is that the trial court should have sustained defendant's motion for a directed verdict of acquittal because the evidence failed to show that the items seized and placed in evidence were in the sole custody of the appellant. This contention is premised upon evidence of the presence of another person in the kitchen of the two-room residential quarters at which the seizure and arrest occurred.

State v. Worley, 375 S.W.2d 44 (Mo. 1964), relied upon by appellant, is of no assistance to him. That case dealt with elements of constructive possession which will support a charge of illegal possession of narcotic drugs. That case held that the proximity to the substance of the person who acknowledges its ownership will permit a finding of possession which will support the charge of illegal possession. Here

the objects were on the dresser near which defendant was seen talking on the telephone and he acknowledged that they were his.

The other person in the kitchen area was not seen near the items and defendant's cross-examination of one of the police officers by defense counsel brought out that the other person denied that the items were his.

The circumstances were sufficient to support the charge of illegal possession of the items seized. State v. Worley, supra; State v. Norris, 460 S.W.2d 672 (Mo. banc 1970).

◼ Appellant argues that the principal instruction given by the court was insufficient because it failed to require the jury to find that the defendant was solely possessed of the illegal articles involved. Again the sole reliance of appellant on this point is State v. Worley, supra, which does not consider the proposition for which it is here cited. The appellant's argument also ignores the terms of the instruction which defines "possession" as "the act of having the control of and exercising such control and dominion over an article or object *to the exclusion of others* * * * ." (Emphasis ours.) Appellant has not demonstrated that the instruction was erroneous.

◼ Appellant complains of the court's permitting an amended information to be filed on the day that trial commenced and in failing to grant a continuance on the grounds of surprise to the defendant caused by the amendment. The original information charged the possession of apparatus "for the unauthorized use of narcotic drugs, to-wit: two bottle caps, containing a residue of HEROIN; * * *." The amended information alleged a prior felony conviction for robbery in Illinois and changed the specification of the apparatus possessed by defendant to read: "three eyedroppers with black rubber bulbs, each with hypodermic needles attached,

three burnt bottle caps (cookers) with a small ball of cotton and residue, and one hypodermic syringe * * *." This amendment was permitted over objection of defense counsel to its timeliness and an oral request for a continuance on the grounds of surprise was overruled.

Appellant states, without elaboration, that the permitted amendment and denial of a continuance "fatally prejudiced cause of defendant." He also asserts that the amendment charged an offense different from that charged in the original information. Again, there is no demonstration of the basis for this statement. The case of State v. Collins, 383 S.W.2d 747, 749–750[3–7] (Mo.1964), cited by appellant, holds that an amendment which invokes the Second Offender Act does not charge an offense different from that originally charged. The amendment which enlarged the description of the apparatus which defendant was alleged to have possessed did not charge another offense. It merely specified with more particularity the charge contained in the original information. There is no showing that any defense under the charge as originally made would not have been equally available under the amended charge. The amendment was, therefore, within the authority granted by Rule 24.02., V.A.M.R. State v. Cobb, 444 S.W.2d 408, 415–416[15–16] (Mo. banc 1969); State v. Taylor, 375 S.W.2d 58, 62–63[7–10] (Mo.1964). The trial court did not abuse its discretion in denying the request for a continuance. State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 941–942[6] (1935).

◼ Appellant contends that the trial court erred in admitting the records of his robbery conviction in Illinois, which were the basis for the finding that he was subject to the Second Offender Act. He asserts that the exhibits failed to comply with § 490.130, RSMo 1969, V.A.M.S., which deals with certification of court records for use in evidence. Among the exhibits relied on as proof of appellant's

prior conviction was what was described as a certified copy of a conviction in the Circuit Court of Cook County, Illinois. No objection to the introduction of the exhibit was made on the ground now voiced. Appellant has not here specified in what respect the document failed to meet the requirement of § 490.130, V.A.M.S. Finally, appellant has not caused the exhibit to have been filed in this court. For all of these reasons, this allegation presents nothing for review by this court. State v. Nelson, 459 S.W.2d 327, 334[12] (Mo.1970); State v. Madden, 394 S.W.2d 317, 320[4] (Mo.1965).

Appellant also asserts that the officers' search of his home and the seizure of the evidence upon which his conviction was based were made without a warrant, in violation of the Fourth Amendment to the Constitution of the United States. Appellant acknowledges that the question was at no time raised in the trial court and asks for its consideration here as a matter of plain error under Rule 27.20(c) V.A.M.R.

This matter will not be considered under the plain error rule. Rule 33.03 V.A.M.R. establishes the procedure for raising at the trial level the question now proposed for the first time. There was no hearing in the trial court at which evidence bearing on the objection now raised was received. Nor is there any basis for concluding that the evidence presented covered the matter. State v. Johnson, 472 S.W.2d 393 (Mo. 1971); State v. Meiers, 412 S.W.2d 478 (Mo.1967).

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.