**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ozell SHUMATE, Defendant-Appellant.**

**No. 9662.**

Missouri Court of Appeals,
Springfield District.

Nov. 20, 1974.

Harry H. Bock, New Madrid, for defendant-appellant.

John C. Danforth, Atty. Gen., Donald R. Bird, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

Defendant Ozell Shumate, charged as a second offender, was found guilty by a jury and sentenced by the court to imprisonment for a term of 15 years. The amended information, on which the case was tried, in addition to alleging a prior conviction, charged that the defendant did on March 4, 1973, in New Madrid County, Missouri, "willfully, unlawfully and feloni-

ously commit the detestable and abominable crime against nature with one [name of victim] (age 11), a male person, by inserting his male sex organ into the mouth of said [name of victim]; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state." The statute on sodomy is § 563.230, RSMo 1969, V.A.M.S.

On appeal, the defendant presents four "points relied on," or contentions. They will be considered in the order presented. Their nature spares the reader from a detailed narration of the sordid facts.

 Defendant's first contention is that the trial court erred in permitting the state, on the day of the trial, to amend the information so as to charge the defendant, under the second offender act (§ 556.280, RSMo 1969, V.A.M.S.) with a previous conviction of robbery in the first degree in Pemiscot County, Missouri, and in refusing to grant defendant "a continuance or time to investigate this new charge."

An amendment which invokes the second offender act does not charge an offense different from that originally charged. State v. Lockhart, 501 S.W.2d 163, 165 [3] (Mo.1973); State v. Collins, 383 S.W.2d 747, 750 [7] (Mo.1964).

In the "Statement of Facts" portion of defendant's brief he states: "The Tuesday before the trial on the following Thursday, the prosecuting attorney notified defendant's attorney that he intended to amend the information and charge defendant with the Habitual Criminal Act."

Pemiscot County adjoins New Madrid County and the record does not show that defendant or his attorney could not have investigated the matter of the prior conviction, they having been given two days' notice of the state's intention to amend.

In State v. Lockhart, supra, 501 S.W.2d 163, a similar contention was rejected. There the defendant complained of the action of the trial court in permitting an amended information to be filed on the day the trial commenced and in failing to grant a continuance on the grounds of surprise to the defendant caused by the amendment. The original information charged the possession of certain described apparatus for the unauthorized use of narcotic drugs. The information was amended to plead a prior felony conviction for robbery and to plead an enlarged description of the apparatus. The trial court permitted the amendment over the objection of defense counsel to its timeliness and overruled the defendant's oral request for a continuance. The Supreme Court held that the trial court did not abuse its discretion in denying the request and that permitting the amendment was within the authority granted by Rule 24.02, V.A.M.R. To similar effect see State v. Rice, 419 S.W.2d 30, 31 [1] (Mo.1967).

Defendant's first contention has no merit.

 Defendant's second contention is that the trial court erred in admitting into evidence "State's Exhibits A & B to show a prior conviction in another county and service of sentence thereof, without identification of defendant being the same person as described in the said exhibits."

State's Exhibit A is a document entitled "Certified Copy of Sentence and Judgment of Court on Plea of Guilty With Counsel Appointed by Court." It bears the certificate of Robert M. Rushing, Clerk of the Circuit Court of Pemiscot County, Missouri, and the seal of that court. The certificate is signed by Rebecca Moore, Deputy Clerk. Its salient portions reflect that on March 8, 1953, in the Circuit Court of Pemiscot County, Missouri, in Case No. 6463, the State of Missouri, Plaintiff, v. Ozell Shumate, Defendant, the defendant appeared in person and by his appointed attorney, pleaded guilty to the crime of robbery in the first degree and was sentenced to confinement in the state penitentiary for a period of 10 years.

State's Exhibit B consists of three parts. One part, bearing the certificate of the Su-

pervisor of the Division of Classification and Assignment, Department of Corrections of the State of Missouri, is entitled "Certified Transcript of Serial Record." It bears Register No. W–67020 and the name, Ozell Shumate. In addition to containing biographical data and a physical description, it reflects that Ozell Shumate was received at the penitentiary on April 11, 1953, based on a sentence of 10 years for the offense of robbery in the first degree imposed in Pemiscot County, Missouri, at the March, 1953 term of court. It further reflects that the prisoner was discharged from the penitentiary on August 9, 1960. The second part of State's Exhibit B is a sheet containing 10 fingerprints and the prisoner's signature. It bears the number 67020 and the name, Ozell Shumate. The third portion of State's Exhibit B consists of two photographs, a front and side view of a man wearing the prison number 67020.

Identity of names is sufficient proof, prima facie, to establish that the defendant and the person named in the records of prior convictions were one and the same person. State v. Williams, 382 S.W.2d 597, 600 [4] (Mo.1964); State v. Davis, 367 S.W.2d 517, 521 [1] (Mo.1963). The defendant did not offer any evidence that he was not the person named in the court and prison records. That being the situation, as stated in State v. Davis, supra, 367 S.W.2d at 521, "there is nothing in the record to support his present claim." If defendant had not been the person named in those records, and shown in the photographs, no doubt his contention would be advanced with more vigor and specificity.

The Pemiscot County conviction was the conviction alleged in the amended information. The trial court properly determined and found, out of the hearing of the jury and prior to the submission of the case to the jury, that the defendant was convicted of a prior offense punishable by imprisonment in the penitentiary and that he was sentenced and subsequently imprisoned therefor. These elements of proof being

present, it was proper for the second offender statute to be invoked. State v. Blackwell, 459 S.W.2d 268, 272 [3] (Mo. banc 1970). The trial court had a right to view the photographs and conclude therefrom that the record of the prior conviction referred to the defendant, whom the court had before it in making its ruling. State v. Humphrey, 462 S.W.2d 804, 808 [4] (Mo.1971); State v. Trevino, 428 S. W.2d 552, 554 [3] (Mo.1968).

Defendant's second contention has no merit.

■ Though not mentioned in his second point, in his argument thereunder defendant complains that Exhibit A "was certified by a deputy clerk and not by the circuit clerk." This sub-contention has no merit.

Section 483.080, RSMo 1969, V.A.M.S., provides, in part, "Every clerk may appoint one or more deputies . . . who . . . may in the name of their principals perform the duties of clerk . . . ." In Springer v. McSpadden, 49 Mo. 299, 300 (1872), it is said: "The deputy has no authority to act in his own name, but when he performs an official act in the name of the principal, it is the act of the principal himself." To similar effect is Small v. Field, 102 Mo. 104, 14 S. W. 815, 817 (1890).

■ Defendant's third contention is stated in the following language: "The only testimony of a crime was the uncorroborated evidence of [name of victim]. In consenting to the abominable and detestable crime against nature [name of victim] became an accomplice and corroboration was necessary to sustain a conviction."

For several reasons this contention has no merit. This contention fails to comply with Rule 84.04(d), V.A.M.R., which requires that the points relied on " . . . state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are

claimed to be erroneous . . .." The contention is a mere abstract statement and is not accompanied by a showing of how that statement is related to any action or ruling of the trial court. With exceptions not applicable here, Rule 28.18, V.A.M.R., provides that the rules of civil procedure governing practice and procedure in the Supreme Court and the Court of Appeals in civil cases "shall govern the practice and procedure in criminal cases" in those courts. Thus Rule 84.04(d), supra, governs this criminal appeal. State v. Foster, 513 S.W.2d 657, 659 (Mo.App.1974).

A portion of defendant's third contention is not contained in the motion for new trial. That portion is: "In consenting to the abominable and detestable crime against nature (name of victim) became an accomplice." Accordingly that portion is not preserved for appellate review. State v. Carr, 499 S.W.2d 788, 790 [4] (Mo. 1973).

Moreover a review of the transcript shows that assertions of consent[1] and complicity are completely lacking in evidentiary support. The defendant introduced no evidence and that of the state had no such content.

State v. Rutledge, 267 S.W.2d 625 (Mo. 1964), involved the crime of sodomy committed upon a young boy. The opinion does not indicate the age of the victim at the time of the offense but he was 13 at the time of the trial. At p. 626, speaking for the court, Presiding Judge Hyde said: "Even if the pathic in this case be considered an accomplice, a conviction may be sustained on uncorroborated testimony of an accomplice if it is believed by the jury. . . . In other jurisdictions it has been expressly held that boys of from 14 years and younger could not consent to crimes against nature and that their testimony in regard thereto need not be corroborated to sustain a conviction." To similar effect see State v. Wilson, 233 S.W.2d 686 (Mo.

1950), where the court upheld a conviction for the crime of sodomy upon an 11-year-old boy and stated that the testimony of the victim "was neither so contradictory nor so unconvincing as to require corroboration." State v. Wilson, supra, 233 S.W. 2d at 688.

Even if the unfortunate 11-year-old victim were an accomplice, which he was not, "Missouri has always adhered to the common law rule that a conviction may be based on the uncorroborated testimony of an accomplice . . .." State v. Tressler, 503 S.W.2d 13, 17 [3] (Mo.1973). "A conviction may be [based] on the uncorroborated evidence of an accomplice unless such testimony is so lacking in probative force as not to amount to substantial evidence." State v. Powell, 433 S.W.2d 33, 34 [2] (Mo.1968). The defendant does not assert that the evidence was insufficient to support the judgment nor does he make any complaint that the testimony of the victim was "so lacking in probative force as not to amount to substantial evidence."

In the argument portion of his brief under his third contention defendant states, "The location of the house [referring to the house where the offense was committed] as fixed by [name of victim] and the Police Officer does not agree." Defendant contents himself with making that statement without elaborating upon it. A review of the transcript shows that the victim testified that the defendant met him at a laundromat and induced the victim to walk with him "about a block." The victim did not know "what street they went to."

The victim testified that he left the house of the defendant about 10 minutes after 2 a. m. The testimony of the Police Officer Russell Cobb was that he encountered the victim about 2 a. m. The officer had been looking for the victim. The victim made a complaint to the officer and directed the officer to the house of the de-

---

1. Consent is not a defense. State v. Villinger, 237 S.W.2d 132, 134 (Mo.1951); 81 C.J.S. Sodomy § 2, p. 372, n. 85 (1953).

fendant on Capitol Street in New Madrid. The officer testified that defendant's house was approximately four and one-half blocks from the laundromat. This admitted discrepancy in the testimony, which is the only discrepancy defendant assigns, does not taint the balance of the convincing testimony of the victim as to render it "so lacking in probative force as not to amount to substantial evidence." State v. Powell, supra, 433 S.W.2d at 34.

The testimony of the victim, which this court has meticulously reviewed, leaves no doubt that for a period of several hours he was subjected to a peculiarly heinous offense which the law has long branded as abominable and detestable. His explicit account of the opprobrious acts of the defendant was not impaired by the cross-examination of defendant's capable counsel. The fact that his ordeal and the lapse of time may have blurred his memory of a nicety of municipal geography (the trial was 20 months after the offense and the victim had moved to California in the interim) does not affront the credence of this court. The victim immediately showed Officer Cobb the way to the house of the defendant.

Defendant's third contention has no merit.

Defendant's fourth contention is that the "verdict of the jury was a nullity as the jury did not find defendant guilty of any crime."

The verdict of the jury was as follows: "We, the jury, find the defendant Ozell Shumate guilty. /s/ E. C. Reed, Foreman."

The verdict of a jury, even in a criminal case, is not to be tested by technical rules of construction. The controlling object is to ascertain the intent of the jury. If this is disclosed, the verdict is good though irregular in form. State v. McCarthy, 336 S.W.2d 411, 417 [11] (Mo. 1960). In determining the sufficiency of a verdict, the controlling object is to learn the intent of the jury; and, if such intent may be ascertained and the verdict made definite and certain by reference to the pleadings and instructions, it will be sustained, and all reasonable presumptions are indulged to sustain the verdict, and that the jury has found all the facts necessary to support it. State v. Lovitt, 243 Mo. 510, 147 S.W. 484, 487 (1912). A verdict will not be void for uncertainty if its meaning can be determined by reference to the record, as by reference to the indictment or information, or to the evidence and charge of the court. 23A C.J.S. Criminal Law § 1398, p. 1063, nn. 9–11 (1961); State v. Villinger, 237 S.W.2d 132, 134 [6] (Mo. 1951).

That portion of the amended information which pleaded the prior conviction was not mentioned to the jury nor did the jury hear evidence in connection therewith. So far as the jury was concerned the information charged but one offense: "the detestable and abominable crime against nature with one [name of victim], age 11, a male person, by inserting his male sex organ into the mouth of [name of victim]." Instruction No. 2, the state's verdict director, submitted that single offense. The verdict was sufficient for the one offense charged.

In State v. Stark, 202 Mo. 210, 100 S.W. 642, 644 (1907), the indictment charged only one offense. The verdict of the jury was "We, the jury, find the defendant guilty, and assess his punishment at imprisonment in the penitentiary for a term of two years." The verdict was held to be sufficient. Similar verdicts, where the indictment or information charged but one offense, were held sufficient in the following cases: State v. Spidle, 342 Mo. 571, 116 S.W.2d 96, 99 [6] (1938); State v. Gentry, 55 S.W.2d 941 [3] (Mo.1932); State v. Connor, 318 Mo. 592, 300 S.W 685, 687 [4] (Mo.1927); State v. Martin, 230 Mo. 680, 132 S.W. 595, 599 [5] (1910).

It is true that the verdict in the case at bar does not assess punishment nor does it find the prior conviction. "However, these

duties, since the effective date of the amended Habitual Criminal Act, § 556.280 (Laws Mo.1959, S.B. No. 117), were properly performed by the trial judge." State v. Watson, 400 S.W.2d 129, 133 [8] (Mo. 1966). Moreover, as stated in State v. McCarthy, 336 S.W.2d 411, 418 (Mo.1960), "No objection of any kind was made at the time the verdict was returned."

Except for the offense involved, State v. Powell, 400 S.W.2d 183 (Mo.1966), is factually in point. There the defendant was convicted by the verdict of a jury of the crime of forgery, a felony under § 561.011, RSMo 1969, V.A.M.S. In accordance with the second offender act, § 556.280, RSMo 1969, V.A.M.S., the court sentenced the defendant to a penitentiary term of five years. At page 185 [4] the court said: "The verdict, although merely finding defendant guilty without reference to the charge contained in the amended information, was sufficient for the one offense charged. There are no lesser included offenses, or degrees of the offense, under said § 561.011.[2] The verdict could only relate to the pleading and to the evidence adduced, and it clearly reveals the intent of the jury to find defendant guilty of the one offense charged against him: changing and altering a check, with intent to utter it as true and genuine, unlawfully, willfully and feloniously with intent to defraud. It is responsive to that single issue. Compare Supreme Court Rule 27.01, V.A. M.R."

A verdict should be given a reasonable construction. The verdict must be sufficiently definite and certain that upon the entry of a judgment thereon it constitutes a bar to a further prosecution for the same offense. State v. Kennebrew, 380 S.W.2d 293, 295 [4] (Mo.1964). This verdict meets that test.

Defendant's fourth contention has no merit.

2. Since the state's evidence, in the case at bar, established that the crime of sodomy was perpetrated, it was not necessary for the court to instruct on "attempted sodomy" or

There is no error in the matters of record reviewed pursuant to Rule 28.02, V. A.M.R.

The judgment is affirmed.

HOGAN, C. J., and TITUS and BILLINGS, JJ., concur.

STONE, J., did not participate.

"assault with intent to commit sodomy." State v. Villinger, 237 S.W.2d 132, 135 [9] (Mo.1951).