**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ernest Wayne MULKEY, Defendant-Appellant.**

**No. 36162.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 6, 1975.

---

Arthur Kreisman, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Pros. Atty., Richard B. Scherrer, Asst. Pros. Atty., Clayton, Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant Ernest Wayne Mulkey was convicted of possession of a Schedule II controlled substance in violation of § 195.-020, RSMo 1969, V.A.M.S., and sentenced by the court to two years imprisonment. On appeal defendant raises two points, both of which allege that the state failed to make a submissible case. We affirm.

We review the facts and evidence in a light most favorable to the state, give the state the benefit of all favorable inferences to be drawn therefrom, and disregard all evidence and inferences to the contrary. State v. Strong, 484 S.W.2d 657, 661[9] (Mo.1972); State v. Jordan, 495 S.W.2d 717, 719[1] (Mo.App.1973). The evidence favorable to the conviction revealed the following. On June 8, 1973 defendant and one Joseph Martin were arrested for public drunkenness and peace disturbance as a result of an altercation on a parking lot on Lemay Ferry Road in St. Louis County. The arresting police offi-

cers, members of the St. Louis County Police Department, handcuffed the two men, advised them of their constitutional rights, and frisked them for weapons. Defendant was then seated in the right rear of the police car and his seat belt was fastened. Martin was placed in the left rear seat and his seat belt also was fastened. Officers Byrnes and McDermott, who had custody of the two men, decided to take defendant to St. Louis County Hospital because he was bleeding from the fight.

While driving to the hospital, the police officers heard a crinkling noise in the back seat. This sounded like the crackling of a cellophane wrapper. Officer Byrnes noticed that defendant was slouching in the seat and squirming around. Officer McDermott also observed defendant wiggling around in the seat.

After a ten or fifteen minute drive, the party arrived at the hospital and the police officers removed the two men from the back seat. At this time McDermott saw that an empty cigarette package, which Byrnes had tossed into the back seat earlier, was shoved into the crack of the seat where defendant had been sitting. McDermott then found two pills on top of the cellophane wrapper which covered the cigarette package. The officers proceeded to inform defendant that he was going to be charged with possession of a controlled substance. Defendant told Byrnes that he had just gotten the pills and asked Byrnes to give him a break and forget about them. Defendant and Martin were transported to St. Louis County Police Headquarters after defendant refused treatment at the hospital. During the ride from the hospital to police headquarters defendant again was seated in the right rear seat of the police car.

After defendant and Martin were booked, Byrnes and McDermott returned to their police car and removed the rear seat. Before going on duty that night, Byrnes had checked the inside of the car for contraband. He had removed the rear seat, had searched the area with a flashlight, but had found nothing. Upon removing the rear seat after the arrest, the police officers found a third pill in the same area where defendant had been sitting.

All three pills were identical in appearance. A chemical test performed on one pill revealed it to be phenmetrazene, a Schedule II drug.

■■ Defendant first contends that the court erred by overruling his motion for judgment of acquittal made at the close of the state's evidence because the state failed to make a submissible case. After this motion had been overruled, defendant introduced evidence. In such a situation, when a defendant presents evidence in his own behalf after his motion for judgment of acquittal has been overruled, he waives any claim of error as to the ruling on his motion. State v. Turnbough, 497 S.W.2d 856, 858[1] (Mo.App.1973).

■ Defendant next asserts that the court erred by denying his motion for judgment of acquittal made at the close of all the evidence bacause the state failed to make a submissible case. A good deal of defendant's argument on this point does not question the sufficiency of the evidence, but rather challenges the weight or probative value of the evidence. But on review an appellate court does not weigh the evidence as long as it is substantial enough to support the jury's findings and the court's judgment. State v. Strong, *supra*, 484 S.W.2d at 661[10].

■ With regard to the sufficiency of the evidence, defendant asserts no evidence was produced which proved that he knowingly and intentionally had possession of the pills. He claims that since there was no evidence whatsoever linking him to the discovered pills, the state failed to prove that he had committed the crime with which he had been charged. Defendant therefore concludes that his conviction

cannot be sustained because the evidence aroused only a strong suspicion of guilt, which is insufficient to sustain his conviction.

We disagree. There was sufficient evidence on this record from which the jury could convict defendant of the offense charged. The fact of defendant's possession, as with the elements of any criminal charge, could be proven by circumstantial evidence. In order to establish a violation of § 195.020, RSMo 1969, V.A.M.S., the evidence need not show actual physical possession by defendant; rather the illegal possession may be constructive. Proximity of the controlled substance to the person who acknowledges ownership will permit a finding of possession which in turn will support the charge. State v. Lockhart, 501 S.W.2d 163, 164[1] (Mo. 1973); State v. Worley, 375 S.W.2d 44, 46[3], 47[4, 5] (Mo.1964).

Here, defendant had been sitting in the area of the police car where the pills had been discovered. The car had been inspected by Officer Byrnes earlier in the evening and no contraband had been found at that time. While riding in the police car defendant had an opportunity to place the pills where they were discovered. The police officers had observed defendant slouching and squirming in his seat. They had heard a noise which sounded like the crackling of cellophane paper. The pills were discovered on the cellophane wrapper of a cigarette package discarded earlier by Byrnes. Further, defendant admitted that the pills were his and asked Byrnes to give him a break and forget about the pills. Within the principles of the *Lockhart* and *Worley* cases, *supra,* there was sufficient evidence introduced by the state to make a submissible case against defendant. The trial court did not err by denying defendant's motion for judgment of acquittal made at the close of all the evidence.

Judgment affirmed.

DOWD and RENDLEN, JJ., concur.