**Thomas White SELVEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40534.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 23, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Feb. 16, 1979.

Bradford A. Brett, Mexico, for appellant.

John D. Ashcroft, Atty. Gen., Steven D. Steinhilber, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion. A jury found him guilty of uttering a forged prescription for Phenmetrazine under § 195.170(5), RSMo. (Supp. 1975), the penalty section being § 195.-200(1). The court sentenced movant under the Second Offender Act to serve a term of two years.

As movant's sole point on appeal, he states that the trial court erred in denying his motion, "because the information was fatally defective in that it listed Phenmetrazine as a Schedule II controlled substance and charged movant-appellant with a violation of RSMo., § 195.170(5) (1969) when Phenmetrazine is a Schedule III controlled substance and movant could have only been charged with a violation of RSMo., § 195.250 (1969)." We find no merit in movant's contention.

■ In a 27.26 motion we must affirm the findings, conclusions, and judgment of the trial court unless they are "clearly erroneous." Rule 27.26(j); *Maggard v. State,* 471 S.W.2d 161, 166 (Mo.1971); *Bonner v. State,* 535 S.W.2d 289, 297 (Mo.App.1976).

■ Appellant correctly states that by a statute passed in 1970, Phenmetrazine was originally listed as a Schedule III controlled substance. Section 195.017(6)(2)(b), RSMo. (Supp.1975). However, prior to the offense in question, the Federal Director of the Bureau of Narcotics and Dangerous Drugs rescheduled Phenmetrazine from Schedule III to Schedule II (36 Fed.Reg. 20, 686 (1971)) and subsequent to that federal action, the Missouri Division of Health registered with the Secretary of State new Schedules which listed Phenmetrazine as a Schedule II controlled substance.

Appellant argues that the Division of Health has no authority to "shift" a sub-

stance from one Schedule to another and that any attempt to do so usurps the legislative power of the General Assembly. This argument completely ignores the legislative scheme of the Narcotic Drug Act (§§ 195.-010–195.210) as well as the intentional interplay between the federal and state drug enforcement systems. The same statutory section which originally listed Phenmetrazine as a Schedule III controlled substance empowers the Division of Health to "revise and republish" the Schedules. Section 195.-017.11, RSMo. (Supp.1975). Further, § 195.-015.1 specifically grants the Division of Health the power to "add" substances to the Schedules found in Chapter 195. Section 195.015.4 mandates that when a substance has been designated, rescheduled, or deleted as a controlled substance under federal law and notice thereof has been given to the Division of Health, said Division should likewise designate, reschedule or delete the substance under §§ 195.010 to 195.-320. Movant does not contest that the Division failed to follow the statutory procedure. The statutory power of the Department of Health to reschedule Phenmetrazine is beyond dispute. *State v. Winters,* 525 S.W.2d 417, 421 (Mo.App.1975).

This was not an improper delegation of legislative authority. See *State v. Davis,* 450 S.W.2d 168, 170 (Mo.1970); *State v. Bridges,* 398 S.W.2d 1, 5 (Mo. banc 1966).

Several cases refer to Phenmetrazine as a Schedule II controlled substance. See *State v. Holden,* 548 S.W.2d 194, 195 (Mo.App. 1977); *State v. Williams,* 546 S.W.2d 533, 537 (Mo.App.1977); *State v. Mulkey,* 523 S.W.2d 145, 147 (Mo.App.1975).

Affirmed.

CLEMENS and GUNN, JJ., concur.