**STATE of Missouri, Plaintiff–Respondent,**

v.

**Charles Gale WOOTEN, Defendant–Appellant.**

**No. 11673.**

Missouri Court of Appeals, Southern District, Division Three.

Oct. 16, 1980.

John Ashcroft, Atty. Gen., Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Jay White, Rolla, for defendant–appellant.

BILLINGS, Presiding Judge.

A Dent County jury returned a verdict in sixteen minutes finding defendant Charles

Gale Wooten guilty of first degree burglary and he was sentenced by the court to a five–year prison term. We affirm.

 In this appeal defendant's principal contention is that the evidence was not sufficient to support the verdict of the jury. We recast the evidence and reasonable inferences therefrom in the light most favorable to the State, disregarding contrary evidence and inferences. *State v. Morgan,* 592 S.W.2d 796 (Mo.1980).

Till Regan, 87 years old, had retired for the night at his home after locking the back door and hooking the front screen door. During the night the screen on the front door was cut and the hook disengaged. Two intruders threw a cover over Regan, rolled him up in the cover, and one held him while the other took several dollars and miscellaneous personal items from his pants. Regan got his head clear of the cover and by the aid of the bathroom light he recognized the defendant and his companion. He had "knowed [defendant and his accomplice] all my life."

Defendant argues Regan's testimony as to his identification was contradictory, confusing, conflicting, and lacked probative force. Although the elderly victim did at times seem confused by questions directed at him by both the prosecuting attorney and defense counsel, he remained unshaken in his identification testimony of the defendant, and his testimony was sufficient for the jury to find that defendant was one of the two burglars. The point is denied.

 Defendant avers his pre–trial motion to dismiss the charge against him should have been sustained because he was not arraigned within ten days after the original information was filed, as required by § 545.780, RSMo 1978. The offense oc-

curred in Phelps County and some months later the case was transferred on a change of venue to Dent County. The record filed herein does not show any of the proceedings which transpired in the Circuit Court of Phelps County prior to the change of venue. Since the defendant had the duty to compile the record on appeal and has failed to include the records and proceedings necessary for a determination of this assignment [Rule 30.04, V.A.M.R.] we cannot convict the trial court of error in overruling defendant's motion to dismiss. *State v. Gordon,* 527 S.W.2d 6 (Mo.App.1975).

 Defendant's remaining point charges error by the trial court in permitting an amended information to be filed on the day of his trial and denying his request for a continuance. There is no merit in this point because the amended information did not change the charge against the defendant but simply added allegations of prior convictions by him. "An amendment which invokes the second offender act does not charge an offense different from that originally charged." *State v. Shumate,* 516 S.W.2d 297, 299 (Mo.App.1974). There was no error in permitting the amendment and denying the request for a continuance. *State v. Lockart,* 501 S.W.2d 163 (Mo.1973).

The judgment is affirmed.

MAUS, GREENE and PREWITT, JJ., concur.