**STATE of Missouri, Respondent,**

v.

**John Clinton NEAL, Appellant.**

**No. WD 31176.**

Missouri Court of Appeals,
Western District.

Dec. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 30, 1980.

Robert I. Adelman, Kansas City, for appellant.

No appearance for respondent.

Before WASSERSTROM, C. J., Presiding, and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant was charged with driving a motor vehicle upon the highways of this state while his operator's license was revoked, second offense. Section 302.321, Mo. Supp.1975. A jury found defendant guilty as charged and fixed his punishment at confinement in the Livingston County Jail for one year and assessment of a fine in the sum of $500.00. Following an unavailing motion for new trial, judgment was entered and sentence was pronounced.

One point is raised by defendant on appeal—the trial court erred in overruling his *motion for judgment of acquittal at the close of the state's evidence* because the evidence established that at the time and place charged defendant was driving his motor vehicle within the restrictions and limitations of a limited hardship driving permit. It is appropriate at this juncture to note that Section 302.309.3(2), RSMo 1969, applicable at the time in question, provided as follows: "When any court of record having jurisdiction finds that a chauffeur or operator is required to operate a motor vehicle in connection with his business, occupation or employment, the court may grant such limited driving privilege as the circumstances of the case justify if the court also finds undue hardship on the individual in earning a livelihood, and while so operating a motor vehicle within the restrictions and limitations of the court order the driver shall not be guilty of operating a motor vehicle without a valid driver's license."

■ Defendant moved for judgment of acquittal at the close of the state's evidence. The trial court overruled said motion and defendant proceeded to introduce evidence in his own behalf. Defendant again moved for judgment of acquittal at the close of all

the evidence which was overruled. It is well settled that defendant waived any claim of error associated with the overruling of his motion for judgment of acquittal at the close of the state's evidence by proceeding thereafter to present evidence in his own behalf. *Holtkamp v. State*, 588 S.W.2d 183 (Mo.App.1979); *State v. Marshall*, 571 S.W.2d 768 (Mo.App.1978); *State v. Zinn*, 562 S.W.2d 784 (Mo.App.1978); *State v. Lewis*, 526 S.W.2d 49 (Mo.App. 1975); *State v. Winters*, 525 S.W.2d 417 (Mo.App.1975); *State v. Mulkey*, 523 S.W.2d 145 (Mo.App.1975); and *State v. Benfield*, 522 S.W.2d 830 (Mo.App.1975).

■ Notwithstanding the inept manner in which defendant's single point on appeal is worded, the argument portion of defendant's brief suggests that he is attacking the sufficiency of the evidence to support the "guilty" verdict returned by the jury. Concomitantly, the sufficiency of the evidence to support a jury verdict is reviewable on appeal as "plain error" under Rule 29.12(b), formerly Rule 27.20(c). *State v. White*, 439 S.W.2d 752, 753 (Mo.1969); *State v. McClunie*, 438 S.W.2d 267, 268 (Mo. 1969); *State v. Eaton*, 568 S.W.2d 541, 544 (Mo.App.1978); and *State v. Webb*, 544 S.W.2d 53, 54 (Mo.App.1976). In determining the sufficiency of the evidence to support a "guilty" verdict returned by a jury the facts in evidence and all favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded. *State v. Franco*, 544 S.W.2d 533, 534 (Mo. banc 1976), *cert. denied* 431 U.S. 957 (1977).

■ Consistent with the rule laid down in *State v. Franco, supra,* the record discloses that defendant's license to operate a motor vehicle stood revoked on September 4, 1977, the date charged in the information.[1] He did, however, have a limited hardship driving permit granted by the Magistrate Court of Caldwell County, Missouri, restricting his operation of a motor

---

1. Trial of this case was delayed by numerous continuances.

vehicle "solely for the purpose of earning a livelihood". The offense occurred in Livingston County, Missouri. Defendant lived in Utica, Missouri. Shortly before midnight on September 3, 1977, defendant was observed sitting in his car at a bowling alley in Chillicothe, Missouri, by the Sheriff of Livingston County who knew that defendant's operator's license had been revoked. Shortly after midnight on September 4, 1977, defendant left the bowling alley in his car and was observed by the sheriff driving in a northerly direction and then in an easterly direction. As defendant was driving in an easterly direction, he was stopped by the sheriff. Upon being stopped and asked to show his operator's license, defendant produced the limited hardship driving permit hereinabove mentioned. The sheriff testified on behalf of the state, without objection, that defendant admitted that he was unemployed at the time. It was stipulated that defendant had been convicted of a previous offense of driving a motor vehicle in violation of Section 302.321, *supra.* The verdict of the jury finding defendant guilty as charged was indubitably supported by substantial evidence.[2]

Defendant sought to circumvent the state's case by introducing evidence in his own behalf that he had gone to the bowling alley in Chillicothe on the night in question to seek employment. On this premise, he argues that operation of the motor vehicle at the time in question fell within the scope of his limited hardship driving permit[3] and by application of Section 302.309.3(2), *supra,* he was not guilty of the offense for which he was charged and stood trial. Defendant's evidence in the respect mentioned consisted of his own testimony and that of the person with whom he claims he arranged to meet at the bowling alley to discuss employment. Defendant relentlessly contends that his own testi-

mony and that of the prospective employer whom he called as a witness defeated submissibility of the state's case and, perforce, the "guilty" verdict lacked evidentiary support. Defendant's argument is legally fallible in two glaring respects. One, the jury was entitled to disbelieve and reject the testimony of defendant and his witness in whole or in part. *State v. Holt,* 592 S.W.2d 759, 774 (Mo. banc 1980); and *State v. Wynn,* 391 S.W.2d 245, 247 (Mo.1965). Two, the evidence stressed by defendant, contrary as it was to an overall view of the evidence in the light most favorable to the state, must be disregarded when assessing the sufficiency of the evidence to support the "guilty" verdict returned by the jury. *State v. Franco, supra.*

Judgment affirmed.

All concur.

2. Moreover, the evidence referred to was substantial in the sense that it was sufficient to justify a rational trier of fact to find guilt beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *State v. Siragusa,* —— S.W.2d ——, No. WD 30893, n. 3, handed down December 2, 1980, by the Missouri Court of Appeals, Western District.

3. It is unnecessary to decide whether "seeking employment" falls within the purview of operating a motor vehicle "solely for the purpose of earning a livelihood."