STATE of Missouri, Respondent,

v.

Jessie SPENCER, Appellant.

No. WD 35061.

Missouri Court of Appeals,
Western District.

May 29, 1984.

Dan R. Adams, Asst. Public Defender, St. Joseph, for appellant.

Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and SHANGLER and NUGENT, JJ.

CLARK, Presiding Judge.

In this appeal from a judgment of conviction and sentence for the offense of kidnapping for the purpose of facilitating commission of the felony of sodomy, § 565.110.-1(4), RSMo 1978, Spencer contends the evidence was insufficient for submission of the case. He bases the argument on the claim that no evidence proved him guilty of

sodomy or an attempt to commit sodomy nor was he shown to have taken any substantial step, apart from the abduction, to accomplish the crime of sodomy. The point raises the broad question of what the state is required to prove when the element which distinguishes the crime as kidnapping rather than false imprisonment, § 565.130, RSMo 1978, or felonious restraint, § 565.120, RSMo 1978, is a purpose to commit another felony.

Apart from a contradiction as to what statements Spencer made to the victim about his intention, the evidence in this case was not disputed. Spencer accosted the female victim at approximately 11:00 p.m. in the parking lot of the hospital where she was employed as a nurse. He forced her at gun point to drive him away from the hospital and during a brief ride, Spencer fondled the woman about the ears, nose, mouth and neck. According to Spencer, he intended to use the victim as a hostage to obtain drugs from the hospital. The state's evidence, accepted as true for the purpose of this opinion, *State v. Davis,* 653 S.W.2d 167 (Mo. banc 1983), was that Spencer inquired of the victim as to her sexual arousal and suggested it was his desire to engage in an act of oral sex. There was no evidence, however, that Spencer removed any article of clothing from himself or from the victim or attempted to do so and there was no evidence of any contact with any sex organ or incompleted act suggesting an effort to accomplish the objective of sodomy. The state rested its case solely on Spencer's statements to the victim of his unnatural desire to engage in a deviate act.

Spencer argues that his purpose to commit sodomy upon the victim is not proved unless the evidence shows some substantial step taken by him, apart from the abduction, toward commission of the charged felony. Here, he says, there was no proof of any substantial step toward commission of sodomy, only at best an expression of

intent, and that such proof would not even support a conviction for attempted sodomy. In effect, he argues that the kidnapping statute requires that the accused be shown to have committed or attempted to commit the felony facilitated by the abduction or, failing that, conviction may be had only for lesser offenses of misdemeanor or felonious restraint, § 565.130 and § 565.120, RSMo 1978.

The case presents an issue not heretofore addressed in reported decisions under the present Missouri Criminal Code.[1] As the discussion which follows will demonstrate, however, the proposition is not unique to the offense of kidnapping. Application of certain general principles of criminal law will suffice to decide the question.

The kidnapping statute, § 565.110, RSMo 1978, sets out five alternative possibilities distinguished by the purpose or objective underlying the abduction. It is necessary here only to consider that one of the five which provides as follows:

> "A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another without his consent for a substantial period, for the purpose of ... facilitating the commission of any felony." Section 565.110.1(4), RSMo 1978.

The proof in this case, summarized earlier in this opinion would obviously not suffice to convict Spencer of sodomy. The proof of consummated sodomy, however, is not essential to prove kidnapping. "Although a taking for a certain purpose may be an element of the crime of abduction or kidnapping, this does not mean that, to render the action criminal, the purpose must have been accomplished." 1 Am.Jur.2d *Abduction and Kidnapping,* § 23, (1962) at page 176. The crimes of kidnapping and the felony facilitated by the abduction involve different elements. *State v. Johnson,* 637 S.W.2d 157 (Mo.App.1982). Indeed, the

---

**1.** The parties cite no case with analogous facts and independent research of Missouri cases reveals none. In all Missouri cases reviewed no

conviction for kidnapping has been reported in which the felony facilitated by the kidnapping was not consummated.

tenor of Spencer's brief assumes that evidence of an attempted rather than a consummated felony would suffice to prove the purpose of the abduction. He asserts, however, that the evidence in this case would not serve to convict him of attempted sodomy, that at least an attempt is necessary to prove the purpose for the abduction and, failing that, his conviction here may not stand on the bare evidence of his expression of desire.

The crime of kidnapping with the purpose to commit another felony has been described as an aggravated offense, not entirely by reason of the abduction, but because of the physical danger of harm to the victim. In this context, the successful perpetration of the second felony is irrelevant. In the notes to the Model Penal Code, after which the current Missouri statutes were patterned, it is stated:

"Paragraph (b) proscribes removal or confinement with intent 'to facilitate commission of any felony or flight thereafter.' The underlying perception is that kidnapping in order to commit or escape from a serious crime is especially likely to create risk to the victim. Certainly, this danger will arise if the predictable confrontation with the police occurs." *Model Penal Code and Commentaries.* Part II p. 227 (1980).

■ The purpose to commit rather than the actual attempt to commit the felony facilitated by the abduction is the essential element to be proved because it is this purpose, accompanied by the abduction, which places the victim at risk.

■ In his analysis, Spencer equates proof of purpose with proof of a substantial step taken in commission of the proposed felony. The statutes and case law do not support his position. Section 562.-016.2, RSMo 1978 provides that "purpose" means a conscious object to engage in conduct or to cause a result. Application of the term in a similar context is found in prosecutions for the crime of burglary, an offense which is committed by unlawful entry into a building for the purpose of committing a crime therein. It is unneces-

sary in a burglary prosecution to prove more than the intent to commit a crime in the building. Consummation of the intent is unnecessary. *State v. Powell,* 357 S.W.2d 914, 917 (Mo.1962). In *State v. Wade,* 535 S.W.2d 492 (Mo.App.1976), the defendant was discovered inside the burglarized premises ready to but not yet having handed out the stolen articles. The court found the defendant's presence in the building coupled with a purpose to steal as sufficient stating, "Though actual removal did not occur, it is unnecessary to show a completed act of stealing if a breaking and entering with accompanying intent appears."

■ Applying the above rationale to the offense of kidnapping, it follows that a frustration of the accused's objective in the abduction, whether by the victim's escape, as was the case here, by the intervention of police authority, or even by abandonment by the accused of his original purpose does not preclude conviction for kidnapping if the intent of the accused be sufficiently proved. The statement by Spencer of his desire to engage in oral sex with his victim in this case was sufficient to submit the issue of Spencer's intent in the abduction to the jury. *State v. Neal,* 610 S.W.2d 358 (Mo.App.1980).

Cases from other jurisdictions support this conclusion. In *Black v. State,* 250 Ark. 604, 466 S.W.2d 463 (1971), the defendant was charged with kidnapping for the purpose of committing sodomy and with sodomy under a criminal code essentially the same as the Missouri statute. Black was acquitted on the charge of sodomy but convicted of kidnapping. The proof did show some effort by Black to commit sodomy, a distinguishing feature from the present case, but the general observation by the court indicates the proof of attempt to commit sodomy was only considered as demonstrative of intent:

"So, it was only necessary, in order to convict appellant of kidnapping, that the state show that the young woman was forcibly taken by appellant for the purpose of committing a felony, and though the jury found that the felony had not

been committed, it does not follow that Black could not have been guilty of a felonious purpose."

466 S.W.2d at 466.

In *State v. Williams*, 295 N.C. 655, 249 S.E.2d 709 (1978), the court reviewed the North Carolina kidnapping statute which is also based on Model Penal Code, Section 212.1. The court there said, "in order to prove kidnapping it was only necessary to prove a *purpose* of robbery or other felonies and not the commission of the felonies themselves." 249 S.E.2d at 714.

The evidence was sufficient in this case, if believed by the jury, to prove that Spencer intended to commit sodomy upon the victim and abducted her to facilitate the commission of that offense, a felony. The fact that the proof showed only an intent unaccompanied by any overt act before the victim made her escape does not deprive the state's case of proof sufficient to support the conviction because it is the purpose which is the element of the crime of kidnapping. That purpose is sufficiently demonstrated by proof of intent even though the accused has taken no substantial step, beyond the abduction, to consummate his purpose.

The judgment is affirmed.

All concur.